Manuel S. TREVINO, Appellant,

v.

The STATE of Texas, Appellee.

No. 49822.

Court of Criminal Appeals of Texas.

March 12, 1975.

Bill Nutto, Corpus Christi, for appellant.

Bill Mobley, Jr., Dist. Atty., John Potter, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty., and David S. Mc-Angus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for defrauding with a worthless check where trial was before the court upon a plea of guilty. Punishment was assessed at five years.

· At the outset, appellant contends that the indictment was insufficient as a matter of law to support the conviction.

Appellant's complaint, raised for the first time on appeal, is that the indictment "does not adequately describe or set out the property obtained or the services rendered in exchange for the check." The check, in the amount of $239.40, is set forth in the indictment, and the indictment recites that appellant "did then and there deliver said check to Kerry Carruth for merchandise." Appellant argues that the allegation of "merchandise" did not alert he appellant to what he was charged with having obtained.

In American Plant Food Corporation v. State, Tex.Cr.App., 508 S.W.2d 598, it was stated:

"If the charge alleges an offense was committed by the defendant, then it is sufficient in law to support a verdict of guilty if one be rendered thereon. If it does not so allege, then it is utterly insufficient and any conviction based thereon is void. A void conviction may be challenged at any time . . . ."

Two recent cases by this Court reflect instances where the indictment was found to be fundamentally defective. In Standley v. State, Tex.Cr.App., 517 S.W.2d 538, the indictment under which defendant was charged with conversion by bailee did not set forth the value of the property. This Court said:

"The indictment omits a necessary element of the offense attempted to be alleged, does not show whether it was a misdemeanor or felony, and there is no way to determine from the face of the indictment if the District Court . . . had jurisdiction of the offense sought to be alleged."

In Shane v. State, Tex.Cr.App., 513 S.W. 2d 579, it was held that the type of place is

an essential element of the offense denounced by statute prohibiting lewd or immoral conduct at a place of business where the sale of beer at retail is authorized, and complaint and information that failed to aver that defendant engaged in prohibited conduct at such a place did not allege a violation of the law.

 In the instant case, the indictment was sufficient in law to support a conviction. The indictment reflects on its face that the offense charged is a felony. The amount of the check, and not the value of the property acquired, determined the applicable punishment. Donahoo v. State, 162 Tex.Cr.R. 388, 285 S.W.2d 952. Thus, the indictment shows on its face that the district court had jurisdiction. See Standley v. State, supra. The defect complained of by appellant relates simply to the convenience of appellant in making his defense and, by going to trial without raising any such objection, it is presumed that appellant found the indictment sufficient to his own satisfaction and waived any objection. American Plant Food Corporation v. State, supra. Moreover, appellant expressly stated in response to the court's inquiry that he had received a copy of the indictment and understood what he was "accused of." A defendant cannot wait to see the State's case and then, if it appears adverse to him, claim for the first time he had no notice of precisely what he was charged with. American Plant Food Corporation v. State, supra; Desormeaux v. State, Tex.Cr.App., 489 S.W.2d 900; Terry v. State, Tex.Cr.App., 517 S.W.2d 554; Whitlow v. State, Tex.Cr.App., 520 S.W.2d 913 (1975).

In appellant's next three contentions, it is urged that the evidence is insufficient to support the conviction.

 The appellant's written judicial confession, signed and sworn to by appellant, and bearing the signature of his counsel, the attorney for the State, and the judge, was introduced into evidence. We have reviewed such confession and find that it contains an admission to all elements of the offense. Appellant's written judicial confession was sufficient, standing alone, to support the conviction. Allsup v. State, Tex.Cr.App., 495 S.W.2d 238; Pruitt v. State, Tex.Cr.App., 508 S.W.2d 832. In addition, it is noted that appellant consented in writing to waive the appearance, confrontation, and cross-examination of witnesses and agreed that testimony of witnesses might be stipulated. Such waiver and consent were approved by the court in writing and filed with the papers in this cause. Said waiver and consent to stipulate meet the requirements of Art. 1.15, Vernon's Ann.C.C.P., and it is noted that oral stipulations were offered pursuant thereto which support the conviction. Clearly, the evidence is sufficient to support the conviction.

Appellant contends the court should have withdrawn his plea of guilty.

It appears that appellant's contention is based on testimony that he gave a friend $250.00 for the purpose of sending same to the district attorney's office in "early 1972" to pay for the check in question, some two months after the check was passed.

Appellant cites Williams v. State, Tex. Cr.App., 487 S.W.2d 363, where this Court quoted from Garcia v. State, 91 Tex.Cr.R. 9, 237 S.W. 279, as follows: "The court is required to exercise great care in preventing the improvident entry of a plea of guilty, and a liberal practice prevails touching its withdrawal."

 At no time did appellant make any request to withdraw his plea of guilty in the trial court. The evidence in support of appellant's plea of guilty was overwhelming. As heretofore noted, it included a judicial confession and stipulations made in accordance with Art. 1.15, V.A.C.C.P. At most, the evidence pointed to by appellant could be considered for nothing more than

mitigation of punishment. We reject appellant's contention that it was incumbent upon the trial judge to withdraw appellant's plea of guilty under the circumstances of this case. Reyna v. State, Tex. Cr.App., 434 S.W.2d 362; see Williams v. State, supra; Faz v. State, Tex.Cr.App., 510 S.W.2d 922; Garza v. State, Tex.Cr. App., 502 S.W.2d 155.

Appellant contends that the trial court should have been bound by the terms of the plea negotiated by appellant and the State.

Appellant relies on Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed. 2d 427. In *Santobello*, the prosecutor had agreed not to make a recommendation as to the sentence if the appellant entered a plea of guilty to a lesser offense, but a prosecutor who subsequently came into the case recommended the maximum sentence. The United States Supreme Court remanded for the state court to determine whether the appropriate remedy was specific performance of the agreement or to allow appellant to withdraw his plea of guilty.

■ In the instant case, appellant does not claim that the State did not live up to its agreement to recommend probation for appellant. It would appear to be appellant's argument that the prosecutor's recommendation of probation pursuant to agreement with appellant should be binding upon the court.[1] Clearly, the holding in *Santobello* will not support such contention. See Kincaid v. State, Tex.Cr.App., 500 S.W.2d 487.

■ We reject appellant's contention that the court should have granted probation in light of appellant's not having any

previous convictions and his willingness to make restitution. When trial is before the court and motion for probation is filed, the trial judge has absolute and unreviewable discretion to refuse or to grant probation. Cisneros v. State, Tex.Cr.App., 501 S.W.2d 907; Saldana v. State, Tex.Cr.App., 493 S.W.2d 778.

Appellant next contends that the court erred when it denied appellant an opportunity to present witnesses at the time of sentencing.

■ On September 11, 1974, appellant entered his plea of guilty before the court. After the State presented its evidence and rested, appellant testified in support of his motion for probation. At the conclusion of the evidence, the prosecutor recommended a ten year probated sentence. Counsel for appellant then argued to the court that two checks which appellant had given were misdemeanors under the new penal code, and that the one appellant pleaded guilty to was only "$39.00 above the offense of a misdemeanor." Counsel argued that appellant should be convicted of no offense greater than a misdemeanor. The court assessed punishment at five years and set sentencing for September 23, 1974. The record reflects that at the time of sentencing appellant responded in the negative to the court's question, "Do you know of any reason why sentence should not now be pronounced upon you?" After the court had concluded sentencing appellant, counsel for appellant stated that "we have some people who would like to testify in this man's behalf." We reject appellant's contention that the court was in error in declining to hear testimony at this stage of the trial. Cisneros v. State, su-

---

1. It is noted that the careful trial judge admonished appellant as follows relative to his motion for probation before accepting the plea of guilty.

 "THE COURT: Now you have filed an application for probation which may be considered by the Court, but there is no guarantee or promise that you will be placed on probation if you are found guilty. This Court will make its own decision on punishment. The Court does not have to accept the recommendation of either the State's lawyer or your lawyer concerning punishment. Do you understand that?

 "THE DEFENDANT: Yes, sir."

pra; see Stephenson v. State, Tex.Cr.App., 517 S.W.2d 277.

Appellant contends that the trial court should have "ordered or considered a presentence report."

■ While this Court has stated that it is desirable for the trial court to utilize a presentence report, there is no requirement that such action be taken. Art. 42.12, V. A.C.C.P.; Rodriguez v. State, Tex.Cr. App., 502 S.W.2d 13.

Appellant contends the court should have held a hearing to determine whether his plea was voluntary or based upon an agreement with the district attorney.

■ The district attorney apparently agreed to recommend probation. Such recommendation was made by the State and rejected by the court. While it was not required, but highly recommended, the court explained before the plea of guilty was accepted that the court was not bound by recommendations. In Valdez v. State, Tex.Cr.App., 507 S.W.2d 202, this Court stated:

> "The fact that appellant may have plead guilty as a result of plea bargaining in the hope of escaping the possibility of a higher sentence did not invalidate the plea."

No error is shown.

We have reviewed appellant's contention that he has been denied due process of law in which grounds heretofore asserted are reviewed. We find no merit in same.

■ The judgment and sentence recite that appellant was convicted for "swindling with worthless check." The judgment and sentence, based upon the indictment and proof, are reformed to show that the conviction was for defrauding with a worthless check.

The judgment as reformed is affirmed.

Opinion approved by the Court.