**The STATE of Texas, Appellant,**

v.

**Jerome HARTMAN, Appellee.**

**No. 09–90–081 CR.**

Court of Appeals of Texas,
Beaumont.

May 29, 1991.

———————

Stephen C. Howard, Orange County Dist. Atty., Orange, for State.

Dennis Powell, Orange, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

The State of Texas appeals the granting of a motion for new trial. Jerome Hartman was charged by information with driving while intoxicated. He pleaded guilty to the court without an attorney. The trial court assessed punishment at one year's confinement in the Orange County Jail probated for one year with mandatory enrollment in a DWI educational program, and a $300 fine. Hartman filed a motion for new trial on the grounds that his plea was not freely, voluntarily and intelligently entered. After a hearing, the trial court granted the motion for new trial. The state raises two points of error.

Point of error one contends the trial court erred in granting the motion for new trial because Hartman's plea was voluntary. Point of error two avers the evidence was insufficient to support the granting of a new trial. Hartman was the only witness at the hearing. Hartman appeared at arraignment without a lawyer and indicated to the court that he would plead guilty. The judge directed him to the county attorneys' office for a plea bargain. The assistant county attorney asked if he had a prior DWI conviction, offered him probation, told him he would take a DWI educational program as a condition of probation, and that he could keep his license if he took the educational program. Hartman relied on the representation that his license would not be suspended if he pleaded guilty in entering a guilty plea. He later discovered that his license was automatically suspended as a result of the (subsequent) conviction. Hartman alleged his plea was not voluntary because he was induced to enter the plea by the misinformation provided by the assistant county attorney.

A plea of guilty will not support a conviction when that plea is motivated by significant misinformation conveyed by the court or one of its officers. *McGuire v. State*, 617 S.W.2d 259 (Tex.Crim.App.1981). In *McGuire*, the law differed from the assurances made by the prosecutor to a defendant who did not have counsel to advise

him. Since the trial court did not follow the agreement, the plea was not knowing and voluntary and the trial court erred in not permitting the defendant to withdraw his plea. In *McGuire* and each of the cases cited by appellant the trial court denied the defendant's motion for new trial, thus the issue before the appellate court was whether the appellant was entitled to withdraw his plea. The question in this case is not whether the plea was knowing and voluntary, but whether the trial court abused its discretion in granting a new trial when presented with uncontroverted testimony that the defendant relied on the prosecutor's misstatement of the legal effect of a guilty plea.

 Once a plea is entered, the decision to allow an accused to withdraw his plea is within the sound discretion of the trial court. *Parker v. State*, 626 S.W.2d 738 (Tex.Crim.App.1982). For instance, where there is conflicting evidence on the issue of the existence of a plea bargain agreement and breach thereof, the appellate court will defer to the findings made by the trial court. *Bass v. State*, 576 S.W.2d 400 (Tex. Crim.App.1979). We are also mindful of the rule that as the trier of fact the weight and credibility of the testimony is for the trial judge to determine. *Limuel v. State*, 568 S.W.2d 309 (Tex.Crim.App.1978); *Thorn v. State*, 651 S.W.2d 39 (Tex.App.—Dallas 1983, pet. ref'd). Also, the judge was present when the plea was entered. Appellant has not provided this court with a statement of facts of that proceeding. We are therefore not in a position to determine whether something which occurred during that proceeding affected the court's decision to grant the motion. Hartman testified that the prosecutor told him if he pleaded guilty his license would not be suspended, and he pleaded guilty based on those promises.

Appellant cites *Shepherd v. State*, 673 S.W.2d 263 (Tex.App.—Houston [1st Dist.] 1984, no pet.), for the proposition that events occurring after the entry of the plea had only an inferential bearing on the voluntariness of the plea. Here, the trial court took judicial notice of the plea procedure in the County Court at Law of Orange County, to the effect that when a defendant appears at arraignment and indicates his intention to plead guilty he is informed by the court that he may go to the county attorney's office for a plea bargain offer. Once the defendant obtains the offer he returns to court to enter his plea. Thus, the trial court could find that the prosecutor misinformed Hartman before the plea was entered.

The motion for new trial was supported by evidence from which the trial court could determine that the plea of guilty was not free and voluntary. We find no abuse of discretion. The state's points of error are overruled and the judgment of the trial court affirmed.

AFFIRMED.