**In the Matter of S.L.L.**

No. 03–94–00037–CV.

Court of Appeals of Texas, Austin.

Aug. 30, 1995.

Troy Hurley, Odom & Hurley, Belton, for appellant.

Richard J. Miller, County Attorney, Rebecca A. Erb, Assistant County Attorney, Belton, for appellee.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

JONES, Justice.

The trial court found S.L.L., appellant, to have engaged in delinquent conduct and imposed a forty-year determinate sentence. *See* Tex.Fam.Code Ann. § 53.045 (West Supp.1995). S.L.L. appeals, asserting that

the trial court abused its discretion by (1) refusing to allow him to withdraw his plea of true, (2) denying his subsequent motion for new trial, and (3) altering the terms of a settlement agreement. Finding no abuse of discretion, we will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

S.L.L., a minor, was charged with aggravated sexual assault as defined in section 21.021 of the Texas Penal Code. Tex.Penal Code Ann. § 21.021 (West 1994).[1] The State initiated proceedings against S.L.L., seeking an adjudication of delinquency and the imposition of a forty-year determinate sentence. During plea bargain negotiations, S.L.L. was informed by his court-appointed attorney and by counsel for the State that in the event a plea agreement was reached, the court was not bound to follow the State's sentencing recommendation. He was also informed that if the court declined to follow the State's recommendation, he would not necessarily be allowed to withdraw his plea of "true." S.L.L. then waived his right to a jury trial and pleaded "true" to the charge. In return, the State agreed to recommend, and did recommend, a twenty-year determinate sentence.

At trial, the court again explained the implications of pleading "true" and warned S.L.L. that he would not be permitted to withdraw his plea of "true" once entered. Stating that he understood the implications, S.L.L. maintained that he wished to enter a plea of "true." His attorney concurred. The court accepted S.L.L.'s plea, found he had engaged in delinquent conduct, and sentenced him to a forty-year determinate sentence despite the State's recommendation. S.L.L.'s request to withdraw his plea was denied. S.L.L. then moved for a new trial. After a hearing on the motion for new trial, the court determined that S.L.L.'s plea was knowingly and voluntarily entered and denied the motion.

1. This offense took place before September 1, 1994 and is governed by the law in effect at the time the offense was committed. Penal Code, 73rd Leg., R.S., ch. 900, § 1.18, 1993 Tex.Gen.

## STANDARD OF REVIEW

A trial court abuses its discretion only when it acts in an unreasonable and arbitrary manner, or when it acts without reference to any guiding principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). This Court may not reverse for abuse of discretion merely because we disagree with a decision of the trial court. *Buller*, 806 S.W.2d at 226; *Downer*, 701 S.W.2d at 242.

## THE TEXAS JUVENILE JUSTICE SYSTEM

The Texas juvenile justice system is a creature of statute. Therefore, juvenile rights not protected by the Texas and United States Constitutions exist only to the extent they have been created by the legislature. Act of May 25, 1973, 63rd Leg., R.S., ch. 544, 1973 Tex.Gen.Law 1460 (Tex.Fam.Code tit. 3, codified at Tex.Fam.Code Ann. §§ 51.01– 56.02 (West 1986 & Supp.1995)). In 1987, the legislature added the determinate-sentencing provisions to the Family Code. *See* Tex.Fam.Code Ann. §§ 53.045, 54.04, .11 (West Supp.1995). Determinate sentencing provides an alternative to the criminal justice system and adult certification for those juveniles charged with violent delinquent conduct. *See generally* Robert O. Dawson, *The Third Justice System: The New Juvenile–Criminal System of Determinate Sentencing for the Youthful Violent Offender in Texas*, 19 St. Mary's L.J. 943 (1988).

Juvenile delinquency proceedings are both civil and criminal in nature. In light of the very real possibility of loss of liberty faced by the juvenile respondent, juvenile proceedings have been characterized as "quasi-criminal," with procedural requirements similar to those in adult prosecutions. *In re R.J.W.*, 770 S.W.2d 103, 105 (Tex.App.— Houston [1st Dist.] 1989, no writ); *In re D.B.*, 594 S.W.2d 207, 209 (Tex.Civ.App.—

Laws 3586, 3705. Because the code amendments effective September 1, 1994 have no substantive effect on this offense, the current code is cited for the sake of convenience.

Corpus Christi 1980, no writ). Consequently, many of the rights afforded by the Code of Criminal Procedure to adult criminal defendants are provided to the juvenile in the Family Code.[2] However, the Family Code does not mirror precisely the Code of Criminal Procedure, creating "gaps and ambiguities between the civil and criminal law." *In re E.Q.*, 839 S.W.2d 144, 146 (Tex.App.—Austin 1992, no writ).

■ These gaps may be quite substantial. For instance, while an adult defendant is afforded the right to bail, the juvenile respondent is not. *Compare* Tex.Code Crim. Proc.Ann. arts. 1.07, 17.01 (West 1977) *with* Tex.Fam.Code Ann. §§ 53.02, 54.01 (West 1986 & Supp.1995). Similarly, the legislature specifically granted the right to withdraw a plea entered pursuant to a plea agreement to adult defendants in 1977. Tex.Code Crim. Proc.Ann. art. 26.13 (West 1989). However, no concomitant right exists in the Family Code for the juvenile respondent. In effect, juveniles are now in the same position that adults occupied before the 1977 amendment. To sustain S.L.L.'s first point of error, we would have to conclude that an adult, prior to the 1977 amendment, was entitled to withdraw his or her plea as a matter of right.

## ANALYSIS AND DISCUSSION

Before the 1977 amendment, the Court of Criminal Appeals repeatedly determined that adults possessed no absolute right to withdraw a plea of guilty when a sentencing recommendation was not followed by the trial court. *See, e.g., Morano v. State*, 572 S.W.2d 550, 551 (Tex.Crim.App.1978); *Galvan v. State*, 525 S.W.2d 24, 26 (Tex.Crim.App. 1975); *Trevino v. State*, 519 S.W.2d 864, 867 (Tex.Crim.App.1975). Whether to allow an adult defendant to withdraw his or her plea was purely a matter of discretion. *Id.* So it remains today for the court confronted with a juvenile respondent.

In his first point of error, S.L.L. argues that the trial court abused its discretion in denying his request to withdraw his plea. In support of this contention, S.L.L. refers us to *In re E.Q.*, in which this Court stated it would be inclined to find error where a trial court, after exceeding a plea-bargained sentencing recommendation, refused to allow a juvenile to withdraw his plea of guilty. 839 S.W.2d at 146. Although language to that effect exists in *E.Q.*, we did not actually reach the issue of whether a minor could, as a matter of right, withdraw his or her plea of "true." Rather, the holding in *E.Q.* was based solely on the involuntary nature of the plea stemming from misinformation given to the juvenile by his attorney and the prosecutor. *Id.* at 147.

■ While we remain troubled that juveniles do not enjoy the same right as adults to withdraw pleas of guilty and nolo contendere in these circumstances, we are not free to create a new rule of procedure to govern this case. S.L.L.'s argument that juvenile respondents should be protected at least as much as adult defendants charged with the same offense, while compelling, is simply not warranted by present Texas law. Until the legislature extends such a right to juvenile respondents, we cannot grant relief on this basis. Therefore, because S.L.L. was not entitled as a matter of right to withdraw his voluntary plea of "true" once entered, we cannot say that the trial court abused its discretion in denying S.L.L.'s request. We overrule S.L.L.'s first point of error.

■ In his second point of error, S.L.L. contends that the trial court abused its discretion in denying his motion for new trial. S.L.L. relies primarily on *State v. Hartman*, 810 S.W.2d 22 (Tex.App.—Beaumont 1991, no pet.), and *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), for the proposition that the trial court should either allow the withdrawal of the plea or be bound by the plea agreement.[3] S.L.L.'s reli-

---

**2.** For example, both juveniles and adults have the right to trial by jury and to assistance of counsel. *Compare* Tex.Code Crim.Proc.Ann. arts. 1.051, .12, .13 (West 1989 & Supp.1995) *with* Tex.Fam.Code Ann. §§ 54.03, .10 (West 1986).

**3.** In *Hartman*, a DWI defendant was assured by the prosecutor that he would be allowed to keep his driver's license if he pleaded guilty to the charge. Relying on the prosecution's misstatements, Hartman pleaded guilty and his license was automatically revoked. The court allowed Hartman to withdraw his plea, concluding that a

ance on these cases is misplaced. In both *Santobello* and *Hartman,* the prosecution either breached its promise under the plea agreement or gave the defendant incorrect information, thereby rendering the pleas involuntary and entitling the defendant to relief. S.L.L. does not contend that the prosecution failed to perform its portion of the plea bargain agreement. Rather, he seems to assert that whenever a sentencing recommendation pursuant to a plea bargain agreement is exceeded by the court, the entire agreement is breached. Neither *Santobello* nor *Hartman* supports that conclusion.

In *Cruz v. State,* 530 S.W.2d 817 (Tex. Crim.App.1975), the Court of Criminal Appeals explained that "*Santobello* does not explicitly require either that the court accept the prosecutor's recommendation or that the defendant be permitted to withdraw his plea after the recommendation is rejected." *Id.* at 821. Rather, once a plea is entered, the decision to allow the accused to withdraw his or her plea is entirely within the sound discretion of the trial court. *Hartman,* 810 S.W.2d at 23. Although the "liberal practice of withdrawal" is well recognized, it is by no means required. *Trevino,* 519 S.W.2d at 866–67. A trial court in Texas is not bound in any way by a properly performed plea bargain agreement. *Id.* at 867.

█ S.L.L. also contends that he relied on the plea bargain agreement in entering his plea, and therefore the agreement should be binding on the court. However, reliance without more is not a sufficient basis for relief. Pleading "true" "in the hope of escaping the possibility of a higher sentence" will not operate to make the plea involuntary. *Galvan,* 525 S.W.2d at 26. S.L.L. must show that his plea was somehow involuntarily entered.

█ S.L.L. does not claim on appeal that his plea was involuntary or that he was given incorrect information. Indeed, S.L.L. conceded at the hearing on his motion for new

trial that his plea was knowingly and voluntarily entered. We conclude that the trial court did not abuse its discretion in denying the motion for new trial and overrule S.L.L.'s second point of error.

█ In his third point of error, S.L.L. argues that the trial court "altered the terms of a settlement agreement" by refusing to follow the State's sentencing recommendation. S.L.L. urges that plea bargain agreements are nothing more than "settlement agreements," and the court should honor the intentions of the parties. However, S.L.L. cites no authority for his contention that plea bargain agreements are akin to civil settlement agreements, and we have found none. Moreover, there are good public policy reasons for treating them differently. While private litigants are entitled to order their affairs and agree to the entry of judgments, the parties in a criminal or juvenile proceeding are not. Sentencing is firmly within the purview of the judge or jury and does not reside with the prosecution or the defendant. *Cruz,* 530 S.W.2d at 821. S.L.L.'s third point of error is overruled.

## CONCLUSION

Finding no abuse of discretion, we overrule S.L.L.'s three points of error. The judgment of the trial court is affirmed.

ABOUSSIE, J., not participating.

---

plea based on prosecutorial misstatements could not be supported as voluntarily entered. 810 S.W.2d at 22–23.

Similarly, in Santobello a subsequent prosecutor had failed to follow the plea agreement reached between the defendant and the original prosecutor. The Supreme Court remanded the case for specific performance of the plea agreement or an opportunity for the defendant to withdraw his plea. 404 U.S. at 262–63, 92 S.Ct. at 498–99.