Matter of S.L.L. 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00037-CV







In the Matter of S. L. L.








FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 144,405-C, HONORABLE EDWARD S. JOHNSON, JUDGE PRESIDING








 The trial court found S.L.L., appellant, to have engaged in delinquent conduct and
imposed a forty-year determinate sentence. See Tex. Fam. Code Ann. § 53.045 (West Supp.
1995). S.L.L. appeals, asserting that the trial court abused its discretion by (1) refusing to allow
him to withdraw his plea of true, (2) denying his subsequent motion for new trial, and (3) altering
the terms of a settlement agreement. Finding no abuse of discretion, we will affirm.



FACTUAL AND PROCEDURAL BACKGROUND


 S.L.L., a minor, was charged with aggravated sexual assault as defined in section
21.021 of the Texas Penal Code. Tex. Penal Code Ann. § 21.021 (West 1994). (1) The State
initiated proceedings against S.L.L., seeking an adjudication of delinquency and the imposition
of a forty-year determinate sentence. During plea bargain negotiations, S.L.L. was informed by
his court-appointed attorney and by counsel for the State that in the event a plea agreement was
reached, the court was not bound to follow the State's sentencing recommendation. He was also
informed that if the court declined to follow the State's recommendation, he would not necessarily
be allowed to withdraw his plea of "true." S.L.L. then waived his right to a jury trial and pleaded
"true" to the charge. In return, the State agreed to recommend, and did recommend, a twenty-year determinate sentence.

 At trial, the court again explained the implications of pleading "true" and warned
S.L.L. that he would not be permitted to withdraw his plea of "true" once entered. Stating that
he understood the implications, S.L.L. maintained that he wished to enter a plea of "true." His
attorney concurred. The court accepted S.L.L.'s plea, found he had engaged in delinquent
conduct, and sentenced him to a forty-year determinate sentence despite the State's
recommendation. S.L.L.'s request to withdraw his plea was denied. S.L.L. then moved for a
new trial. After a hearing on the motion for new trial, the court determined that S.L.L.'s plea
was knowingly and voluntarily entered and denied the motion.



STANDARD OF REVIEW


 A trial court abuses its discretion only when it acts in an unreasonable and
arbitrary manner, or when it acts without reference to any guiding principles. Beaumont Bank,
N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986). This Court may not
reverse for abuse of discretion merely because we disagree with a decision of the trial court. 
Buller, 806 S.W.2d at 226; Downer, 701 S.W.2d at 242.


THE TEXAS JUVENILE JUSTICE SYSTEM


 The Texas juvenile justice system is a creature of statute. Therefore, juvenile rights
not protected by the Texas and United States Constitutions exist only to the extent they have been
created by the legislature. Act of May 25, 1973, 63rd Leg., R.S., ch. 544, 1973 Tex. Gen. Laws
1460 (Tex. Fam. Code tit. 3, codified at Tex. Fam. Code Ann. §§ 51.01-56.02 (West 1986 &
Supp. 1995)). In 1987, the legislature added the determinate-sentencing provisions to the Family
Code. See Tex. Fam. Code Ann. §§ 53.045, 54.04, .11 (West Supp. 1995). Determinate
sentencing provides an alternative to the criminal justice system and adult certification for those
juveniles charged with violent delinquent conduct. See generally Robert O. Dawson, The Third
Justice System: The New Juvenile-Criminal System of Determinate Sentencing for the Youthful
Violent Offender in Texas, 19 St. Mary's L. J. 943 (1988). 

 Juvenile delinquency proceedings are both civil and criminal in nature. In light of
the very real possibility of loss of liberty faced by the juvenile respondent, juvenile proceedings
have been characterized as "quasi-criminal," with procedural requirements similar to those in adult
prosecutions. In re R.J.W., 770 S.W.2d 103, 105 (Tex. App.Houston [1st Dist.] 1989, no writ);
In re D.B., 594 S.W.2d 207, 209 (Tex. Civ. App.Corpus Christi 1980, no writ). Consequently,
many of the rights afforded by the Code of Criminal Procedure to adult criminal defendants are
provided to the juvenile in the Family Code. (2) However, the Family Code does not mirror
precisely the Code of Criminal Procedure, creating "gaps and ambiguities between the civil and
criminal law." In re E.Q., 839 S.W.2d 144, 146 (Tex. App.Austin 1992, no writ).

 These gaps may be quite substantial. For instance, while an adult defendant is
afforded the right to bail, the juvenile respondent is not. Compare Tex. Code Crim. Proc. Ann.
arts. 1.07, 17.01 (West 1977) with Tex. Fam. Code Ann. §§ 53.02, 54.01 (West 1986 & Supp.
1995). Similarly, the legislature specifically granted the right to withdraw a plea entered pursuant
to a plea agreement to adult defendants in 1977. Tex. Code Crim. Proc. Ann. art. 26.13 (West
1989). However, no concomitant right exists in the Family Code for the juvenile respondent. In
effect, juveniles are now in the same position that adults occupied before the 1977 amendment. 
To sustain S.L.L.'s first point of error, we would have to conclude that an adult, prior to the 1977
amendment, was entitled to withdraw his or her plea as a matter of right.



ANALYSIS AND DISCUSSION


 Before the 1977 amendment, the Court of Criminal Appeals repeatedly determined
that adults possessed no absolute right to withdraw a plea of guilty when a sentencing
recommendation was not followed by the trial court. See, e.g., Morano v. State, 572 S.W.2d
550, 551 (Tex. Crim. App. 1978); Galvan v. State, 525 S.W.2d 24, 26 (Tex. Crim. App. 1975);
Trevino v. State, 519 S.W.2d 864, 867 (Tex. Crim. App. 1975). Whether to allow an adult
defendant to withdraw his or her plea was purely a matter of discretion. Id. So it remains today
for the court confronted with a juvenile respondent.

 In his first point of error, S.L.L. argues that the trial court abused its discretion in
denying his request to withdraw his plea. In support of this contention, S.L.L. refers us to In re
E.Q., in which this Court stated it would be inclined to find error where a trial court, after
exceeding a plea-bargained sentencing recommendation, refused to allow a juvenile to withdraw
his plea of guilty. 839 S.W.2d at 146. Although language to that effect exists in E.Q., we did
not actually reach the issue of whether a minor could, as a matter of right, withdraw his or her
plea of "true." Rather, the holding in E.Q. was based solely on the involuntary nature of the plea
stemming from misinformation given to the juvenile by his attorney and the prosecutor. Id. at
147.

 While we remain troubled that juveniles do not enjoy the same right as adults to
withdraw pleas of guilty and nolo contendere in these circumstances, we are not free to create a
new rule of procedure to govern this case. S.L.L.'s argument that juvenile respondents should
be protected at least as much as adult defendants charged with the same offense, while compelling,
is simply not warranted by present Texas law. Until the legislature extends such a right to
juvenile respondents, we cannot grant relief on this basis. Therefore, because S.L.L. was not
entitled as a matter of right to withdraw his voluntary plea of "true" once entered, we cannot say
that the trial court abused its discretion in denying S.L.L.'s request. We overrule S.L.L.'s first
point of error.

 In his second point of error, S.L.L. contends that the trial court abused its
discretion in denying his motion for new trial. S.L.L. relies primarily on State v. Hartman, 810
S.W.2d 22 (Tex. App.Beaumont 1991, no pet.), and Santobello v. New York, 404 U.S. 257
(1971), for the proposition that the trial court should either allow the withdrawal of the plea or
be bound by the plea agreement. (3) S.L.L.'s reliance on these cases is misplaced. In both
Santobello and Hartman, the prosecution either breached its promise under the plea agreement or
gave the defendant incorrect information, thereby rendering the pleas involuntary and entitling
the defendant to relief. S.L.L. does not contend that the prosecution failed to perform its portion
of the plea bargain agreement. Rather, he seems to assert that whenever a sentencing
recommendation pursuant to a plea bargain agreement is exceeded by the court, the entire
agreement is breached. Neither Santobello nor Hartman supports that conclusion. 

 In Cruz v. State, 530 S.W.2d 817 (Tex. Crim. App. 1975), the Court of Criminal
Appeals explained that "Santobello does not explicitly require either that the court accept the
prosecutor's recommendation or that the defendant be permitted to withdraw his plea after the
recommendation is rejected." Id. at 821. Rather, once a plea is entered, the decision to allow
the accused to withdraw his or her plea is entirely within the sound discretion of the trial court. 
Hartman, 810 S.W.2d at 23. Although the "liberal practice of withdrawal" is well recognized,
it is by no means required. Trevino, 519 S.W.2d at 866-67. A trial court in Texas is not bound
in any way by a properly performed plea bargain agreement. Id. at 867.

 S.L.L also contends that he relied on the plea bargain agreement in entering his
plea, and therefore the agreement should be binding on the court. However, reliance without
more is not a sufficient basis for relief. Pleading "true" "in the hope of escaping the possibility
of a higher sentence" will not operate to make the plea involuntary. Galvan, 525 S.W.2d at 26. 
S.L.L. must show that his plea was somehow involuntarily entered.

 S.L.L. does not claim on appeal that his plea was involuntary or that he was given
incorrect information. Indeed, S.L.L. conceded at the hearing on his motion for new trial that
his plea was knowingly and voluntarily entered. We conclude that the trial court did not abuse
its discretion in denying the motion for new trial and overrule S.L.L.'s second point of error.

 In his third point of error, S.L.L. argues that the trial court "altered the terms of
a settlement agreement" by refusing to follow the State's sentencing recommendation. S.L.L.
urges that plea bargain agreements are nothing more than "settlement agreements," and the court
should honor the intentions of the parties. However, S.L.L. cites no authority for his contention
that plea bargain agreements are akin to civil settlement agreements, and we have found none. 
Moreover, there are good public policy reasons for treating them differently. While private
litigants are entitled to order their affairs and agree to the entry of judgments, the parties in a
criminal or juvenile proceeding are not. Sentencing is firmly within the purview of the judge or
jury and does not reside with the prosecution or the defendant. Cruz, 530 S.W.2d at 821. 
S.L.L.'s third point of error is overruled.



CONCLUSION


 Finding no abuse of discretion, we overrule S.L.L.'s three points of error. The
judgment of the trial court is affirmed.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones; Justice Aboussie Not Participating

Affirmed

Filed: August 30, 1995

Publish

1.   This offense took place before September 1, 1994 and is governed by the law in
effect at the time the offense was committed. Penal Code, 73rd Leg., R.S., ch. 900, §
1.18, 1993 Tex. Gen. Laws 3586, 3705. Because the code amendments effective
September 1, 1994 have no substantive effect on this offense, the current code is cited for
the sake of convenience.
2.   For example, both juveniles and adults have the right to trial by jury and to
assistance of counsel. Compare Tex. Code Crim. Proc. Ann. arts. 1.051, .12, .13 (West
1989 & Supp. 1995) with Tex. Fam. Code Ann. §§ 54.03, .10 (West 1986).
3.   In Hartman, a DWI defendant was assured by the prosecutor that he would be allowed
to keep his driver's license if he pleaded guilty to the charge. Relying on the prosecution's
misstatements, Hartman pleaded guilty and his license was automatically revoked. The court
allowed Hartman to withdraw his plea, concluding that a plea based on prosecutorial
misstatements could not be supported as voluntarily entered. 810 S.W.2d at 22-23.


 Similarly, in Santobello a subsequent prosecutor had failed to follow the plea agreement
reached between the defendant and the original prosecutor. The Supreme Court remanded the
case for specific performance of the plea agreement or an opportunity for the defendant to
withdraw his plea. 404 U.S. at 262-63.