

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | No. 08-23-00154-CR |
|---|---|---|
| EX PARTE | § | Appeal from the |
| JOSEPH RODRIGUEZ, | § | 210th Judicial District Court |
| Appellant. | § | of El Paso County, Texas |
| | § | (TC# 20220D00564) |

### MEMORANDUM OPINION

Joseph Rodriguez appeals the trial court's order denying his application for writ of habeas corpus.[1] Rodriguez asserted that Texas statutes, which define age 17 as an age affecting criminal responsibility, are unconstitutional on their face and as applied to him under the Eighth Amendment of the U.S. Constitution. *See* Tex. Fam. Code Ann. § 51.02(2); Tex. Penal Code Ann. § 8.07(b); U.S. Const. amend. VIII. Finding no error, we affirm.

### BACKGROUND

On February 24, 2022, a grand jury of the State indicted Rodriguez on one count of murder. The indictment alleged that, on or about May 11, 2019, he intentionally committed or attempted to commit aggravated assault by intentionally or knowingly threatening Giovanny Morales with

---

[1] *See* Tex. Code Crim. Proc. Ann. art. 11.08.

imminent bodily injury, by pointing a firearm at Morales, and in the course of or in the furtherance of the commission or attempted commission of this aggravated assault, Rodriguez committed an act clearly dangerous to human life, to wit, pulling the trigger of the firearm that caused the death of Giovanny Morales. The instrument further alleged that Rodriguez used or exhibited a deadly weapon, to wit, a firearm, during the commission of or immediate flight from the charged offense. Born in 2002, Rodriguez was 17 years old at the time he allegedly committed the offense. By the time of his indictment and arrest, he was twenty years old.

Rodriguez filed a pretrial application for writ of habeas corpus asserting Tex. Fam. Code Ann. § 51.02(2) and Tex. Penal Code Ann. § 8.07(b) are unconstitutional on their face and as applied to him. The trial court held a hearing on the application where it heard argument from both parties.[2] Rodriguez asserted that the complained of statutes allowed a 17-year-old to be charged as an adult in violation of the Eighth Amendment of the U.S. Constitution.

Following the hearing, the trial court denied the application. Rodriguez appealed.

## GENERAL PRINCIPLES

### A. Age of criminal responsibility

In 1973, the passage of Title 3 of the Family Code along with a conforming amendment to the Penal Code resulted in the creation of the juvenile justice system of Texas. *In re S.L.L.*, 906 S.W.2d 190, 192 (Tex. App.—Austin 1995, no writ) (citing Act of May 25, 1973, 63rd Leg., R.S.,

---

[2] In briefing, Rodriguez requests this Court to take judicial notice of testimony from an expert witness in another unrelated appeal currently pending before the Court, claiming the evidence supported his contention that 17-year-olds are juveniles. *Ex parte Juarez*, No. 08-23-00159-CR, (Tex. App.—El Paso April 22, 2024, no pet. h.) (mem. op.). None of this evidence was presented to the trial court in this case. Although an appellate court will take judicial notice of its own records in the same or related proceedings involving the same or nearly the same parties, the general rule is that an appellate court cannot go to the record of another case for the purpose of considering testimony not shown in the record of the case before it. *Salinas v. State*, 542 S.W.2d 864, 867 (Tex. Crim. App. 1976); *Ex parte Sotelo*, 878 S.W.2d 179, 181 (Tex. App.—Fort Worth 1993, pet. ref'd). Accordingly, we will not take judicial notice of testimony in *Ex Parte Juarez* because it was not before the trial court in this case.

ch. 544, 1973 Tex. Gen. Laws 1460 (codified at Tex. Fam. Code Ann. §§ 51.01–56.02)); *Miller v. State*, 640 S.W.2d 404, 406 (Tex. App.—San Antonio 1982), *aff'd en banc*, 708 S.W.2d 436 (Tex. Crim. App. 1984). Adoption of this Juvenile Justice Act protected juvenile rights to the extent they were not otherwise protected by the U.S. and Texas Constitutions. *In re S.L.L.*, 906 S.W.2d at 192. In 1987, the legislature added the determinate-sentencing provisions to the Family Code. *Id.*; *see also* Tex. Fam. Code Ann. §§ 53.045, 54.04, 54.11. By means of this sentencing scheme, Texas enacted "an alternative to the criminal justice system and adult certification for those juveniles charged with violent delinquent conduct." *In re S.L.L.*, 906 S.W.2d at 192.

Pursuant to this juvenile system, the Family Code defines the term "child" as a person "ten years of age or older and *under* 17 years of age." Tex. Fam. Code Ann. § 51.02(2) (emphasis added). And concomitant with that provision, the Penal Code includes a carve-out provision, with multiple sub-parts, providing for minimal ages affecting criminal responsibility. *See* Tex. Penal Code Ann. § 8.07(a)–(e). Except for its sub-parts not relevant here, § 8.07(a) provides that "[a] person may not be prosecuted for or convicted of any offense that the person committed when younger than 15 years of age[.]" *See* Tex. Penal Code Ann. § 8.07(a)(1)–(7). Moreover, for persons over 15, but younger than 17, § 8.07(b) provides the following:

> Unless the juvenile court waives jurisdiction under Section 54.02, Family Code, and certifies the individual for criminal prosecution or the juvenile court has previously waived jurisdiction under that section and certified the individual for criminal prosecution, a person may not be prosecuted for or convicted of any offense committed *before reaching 17 years of age* except an offense described by Subsections (a)(1)–(5).

Tex. Penal Code Ann. § 8.07(b) (emphasis added). As for punishment, § 8.07(c) provides that "[n]o person may, in any case, be punished by death for an offense committed while the person was younger than 18 years." Tex. Penal Code Ann. § 8.07(c).

3

### B.  Eighth Amendment of the U.S. Constitution

The Eighth Amendment of the U.S. Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII. "This provision is applicable to the States through the Fourteenth Amendment." *Roper v. Simmons*, 543 U.S. 551, 560 (2005). As explained by the U.S. Supreme Court, "the Eighth Amendment guarantees individuals the right not to be subjected to excessive sanctions." *Id*. "The right flows from the basic 'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.'" *Id*. (quoting *Atkins v. Virginia*, 536 U.S. 304, 311 (2002)). "By protecting even those convicted of heinous crimes, the Eighth Amendment reaffirms the duty of the government to respect the dignity of all persons." *Id*.

## CRUEL AND UNUSUAL PUNISHMENT

In his sole issue on appeal, Rodriguez contends the trial court erred in denying his application for writ of habeas corpus because Texas Family Code Ann. § 51.02(2) and Texas Penal Code Ann. § 8.07 are unconstitutional on their face and as applied to him.

### A.  Standard of review and applicable law

We review for an abuse of discretion a trial court's ruling on a pretrial application for habeas relief. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). The trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules and principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (en banc). On review, we must give deference to the trial court's resolution of historical facts supported by the record, as well as to the application of law to fact questions that turn on credibility and demeanor. *Alford v. State*, 358 S.W.3d 647, 652 (Tex. Crim. App. 2012). However, when the resolution of

4

any ultimate question turns on an application of legal standards, we review the trial court's ruling de novo. *Id.*

Article 11.08 of the Texas Code of Criminal Procedure allows an applicant indicted for a criminal offense, whose guilt has not been formally adjudicated, to challenge his confinement by pretrial writ application. *See* Tex. Code Crim. Proc. Ann. art. 11.08. An applicant for habeas corpus relief must prove his or her claim by a preponderance of the evidence. *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). "[T]he writ of habeas corpus is an extraordinary remedy that is available only in the absence of an adequate remedy at law." *Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017).

### B. Analysis

#### (1) Cognizability

Because a pretrial request for habeas corpus relief is an extraordinary remedy, we must determine whether Rodriguez's claim—which asserts the State is pursuing a criminal prosecution prohibited under the Eighth Amendment—is cognizable on pretrial habeas application. *See Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) ("[W]hether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved."). "Pretrial habeas followed by an interlocutory appeal, is an extraordinary remedy." *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016) (citing *Ex parte Ellis*, 309 S.W.3d at 79). Ordinarily, on review, such claims are not cognizable because of applicant's ability to appeal trial errors in the event of a conviction. *See Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998). That is, if a district court denies a pretrial habeas petition, an applicant may still appeal that ruling on a direct appeal. *See id.* If an appellate court concludes that grounds for habeas relief are not cognizable on appeal, it must affirm the trial court's denial of habeas

5

corpus relief. *Ex parte Gutierrez*, 989 S.W.2d 55, 56 (Tex. App.—San Antonio 1998) (citing *McCullough*, 966 S.W.2d at 531; *Ex parte Yates*, 966 S.W.2d 743, 744 (Tex. App.—San Antonio 1998, pet. ref'd)). Importantly, "[t]his remedy is reserved 'for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review.'" *Ex parte Perry*, 483 S.W.3d at 895.

In particular, the Court of Criminal Appeals has held that claims involving a right to speedy trial, a challenge to the denial of a motion to suppress, or collateral estoppel that does not allege a double jeopardy claim, are disallowed on pretrial habeas. *Id*. As well, "pretrial habeas is generally not available to test the sufficiency of the charging instrument or to construe the meaning and application of the statute defining the offense charged." *Id.* (citing *Ex parte Ellis*, 309 S.W.3d at 79). As for challenges based on conditions of confinement, a habeas applicant must challenge either the legality or the duration of his incarceration, but he may not seek relief for circumstances that are deemed "the terms and conditions of his confinement[.]" *Ex parte Benavides*, 801 S.W.2d 535, 537 (Tex. App.—Houston [1st Dist.] 1990, writ dism'd w.o.j.); *see also Ex parte Lockett*, 956 S.W.2d 41, 42 (Tex. Crim. App. 1997) (en banc) (holding that the applicant's failure to challenge either "the fact or the length of his confinement" deprives the court of jurisdiction to hear his claim). In this respect, "[a] writ of habeas corpus is not available to secure determination of a question that, even if determined in the [applicant's] favor, would not result in his immediate release." *Ex parte Benavides*, 801 S.W.2d at 537 (citing *Ex parte Ruby*, 403 S.W.2d 129, 130 (Tex. Crim. App. 1966) (per curiam)).

As an extraordinary remedy, pretrial habeas is an appropriate vehicle to assert a facial challenge to the constitutional validity of a statute. *Ex parte Perry*, 483 S.W.3d. at 895. Accordingly, "facial constitutional challenges . . . are cognizable on pretrial habeas regardless of

6

whether the particular constitutional right at issue would be effectively undermined if not vindicated prior to trial." *Id.* at 896. Conversely, the Court of Criminal Appeals has held that "pretrial habeas cannot be used to advance an as-applied constitutional challenge to a statute." *Id.* at 895. Yet, in doing so, it further explained that "[w]hen we say that as-applied challenges are not cognizable pretrial, what we mean is that, unlike with facial challenges, the unconstitutionality of a statute as applied is not, *in the abstract*, a basis for invoking the pretrial writ." *Id.* at 896 (emphasis in original). As a result, the Court further cautioned that "certain types of as-applied claims may be raised by pretrial habeas because the particular constitutional right at issue in the as-applied challenge is the type that would be effectively undermined if not vindicated prior to trial." *Id.*

With cognizability in mind as to the as-applied challenge, we begin with Rodriguez's facial challenge of the two statutes at issue.

### (2) The facial challenge

Because facial challenges are cognizable on pretrial habeas regardless of whether the particular constitutional right at issue would be effectively undermined if not vindicated prior to trial, we next address Rodriguez's facial challenge. He asserts the "Texas practice of defining seventeen-year-olds as adults to punish them more severely" defies U. S. Supreme Court law and the Eighth Amendment of the U.S. Constitution. Rodriguez asserts that children are less culpable than adults for criminal conduct and that society has rejected the practice of trying them as adults.

Relying on a line of U.S. Supreme Court cases, Rodriguez argues that the prosecution of juveniles as adults violates the Eighth Amendment of the U.S. Constitution. First, he cites to *Roper v. Simmons*, a case in which the U.S. Supreme Court held that execution of individuals who were under 18 years of age at the time of the offense violated the Eighth and Fourteenth Amendments.

7

543 U.S. 551, 578–79. Second, he cites to *Graham v. Florida*, where the U.S. Supreme Court held the Eighth Amendment prohibits the imposition of life-without-parole sentences on juvenile offenders who did not commit a homicide related offense. 560 U.S. at 82. Third, he cites to *Miller v. Alabama*, a case in which the U.S. Supreme Court held that the sentencing scheme which mandated the imposition of mandatory life imprisonment without the possibility of parole for those under 18 years of age violated the Eighth Amendment. 567 U.S. 460, 479 (2012). Rodriguez broadly asserts that "*Roper* and its progeny draw a bright line" between 18 and less culpable 17-year-olds, arguing that "the former may be treated as adults; the latter may not[.]" Because we conclude that Rodriguez misconstrues and overly extends the holdings of the *Roper* line of cases, we disagree with this contention.

Each of the three cited cases involve the constitutionality of sentencing schemes that either imposed a death sentence or one providing for mandatory life-without-parole. For example, in *Miller*, the U.S. Supreme Court narrowly held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 567 U.S. at 465. Thus, unlike Rodriguez's contention, the *Roper* line of cases is directed at particular aspects of sentencing schemes, not at a statute defining adulthood or one setting an age affecting criminal culpability.

Indeed, by their plain text, the two statutes challenged by Rodriguez do not impose mandatory sentences or punishment at all. Instead, the Family Code provision defines the meaning of "child" as used throughout the Code, while the Penal Code provision sets forth provisions addressing ages affecting criminal responsibility. *See* Tex. Fam. Code Ann. § 51.02(2); Tex. Penal Code Ann. § 8.07(b). Moreover, Rodriguez has not cited to any controlling authority, and we have found none, which extend the holdings in *Roper*, *Graham*, and *Miller* to these statutory provisions.

8

In addressing a similar claim, however, at least one appellate court from Illinois has found that statutes of this type determine the forum in which 17-year-olds are to be tried, but do not otherwise set out the punishment that defendants are to receive. *See, e.g.*, *People v. Pacheco*, 991 N.E.2d 896, 907 (Ill. App. Ct. 2013) (holding that an automatic imposition of any adult sentence on a juvenile defendant as a result of an automatic transfer statute does not violate the Eighth Amendment and concluding *Roper*, *Graham*, and *Miller* do not prohibit a defendant from being subject to the same mandatory minimum sentence as an adult). Lastly, in *Lewis v. State*, the Court of Criminal Appeals observed that, after the reformations by the appellate courts, offenders who were under 18 years old at the time of their charged offense can no longer be sentenced to life without parole under Texas law. *Lewis v. State*, 428 S.W.3d 860, 863–64 (Tex. Crim. App. 2014) (citing Tex. Penal Code Ann. § 12.31). That is, under § 12.31, juvenile offenders in Texas do not now face life without parole at all. *Id*. As a result, Rodriguez's case does not fall within the scope of the *Roper* line of cases. Because the challenged statutes do not impose punishment, Rodriguez has failed to show that either provision imposes cruel and unusual punishment in violation of the Eighth Amendment. Accordingly, we conclude that Rodriguez did not establish, as a matter of law, that the statutes at issue were unconstitutional on their face.

We overrule the first part of Rodriguez's sole issue in which he raised a facial challenge.

### (3) The as-applied challenge

Rodriguez contends that his as-applied constitutional challenge is cognizable because his "right to be free of cruel and unusual punishment would be undermined by waiting to decide his claim until after punishment is imposed, a process that could take years." He further contends that he is being "locked up with adult criminals for an offense alleged to have occurred when he was a

child." He asserts that he is being deprived of the opportunities for rehabilitation and protections available in the juvenile system.

Although *Ex parte Perry* noted that the Court had described "that as-applied challenges are not cognizable before trial," it also acknowledged it allowed "certain types of claims to be raised by pretrial habeas because the rights underlying those claims would be effectively undermined if not vindicated before trial." *Id*. at 895 (citing *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001)). Under that category of rights, the Court noted it had "so far, recognized the constitutional protections involving double jeopardy and bail." *Id*. at 895–896. The rationale for doing so derived from *Abney v. United States*, which involved a pretrial denial of a double jeopardy claim that was appealed to the U.S. Supreme Court. *Id*. at 896 (citing *Abney v. U.S.*, 431 U.S. 651, 662 (1977)).

In *Ex parte Perry*, the Court noted the explanation given in *Abney* for permitting such interlocutory appeal in a case of that nature "is that the defendant would lose an aspect of the Double Jeopardy Clause's protection by being forced to endure a trial that the Double Jeopardy Clause was designed to prohibit." *Id*. That is, "[i]f a criminal defendant is to avoid *exposure* to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs." *Id*. (quoting *Abney*, 431 U.S. at 662). Adopting *Abney's* reasoning, the Court of Criminal Appeals has since held that a "right not to be exposed to double jeopardy" is cognizable on pretrial habeas and reviewable in an interlocutory appeal from the habeas proceeding. *Id*. (quoting *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex. Crim. App. 1982)). Relying on that rationale, the Court in *Ex parte Perry* extended the interlocutory appeal exception to as-applied claims alleging an infringement of a government official's own power. *Id*. at 898.

Here, Rodriguez also relies on the rationale of *Ex parte Perry* to argue that his as-applied challenge is cognizable before trial because "the right at issue would be effectively undermined if not vindicated prior to trial." To illustrate his claim, he urges the process could take years to complete. In the meantime, however, he contends "he has been and continues to be locked up with adult criminals for an offense alleged to have occurred when he was a child." He claims, then, that "he has been deprived of the opportunities for rehabilitation and protections available in the juvenile system." That is, "[i]f his claim is decided years from now—after conviction and appeal and perhaps 11.07 habeas litigation—he will be too old to benefit from the juvenile system and too hardened by years in adult prisons for it to matter."

Advancing his as-applied challenge, Rodriguez points out that he was 17 at the time of the alleged offense. Relying on the *Roper* line of cases, he contends that "[t]he Supreme Court holds the line at eighteen for adulthood." For that reason, he claims the only way to protect his Eighth Amendment interest is to decide his claim pretrial. In doing so, he maintains this Court should reverse the district court and grant relief in the form of dismissing the indictment in this case. On de novo review, we disagree that Rodriguez has established that his as-applied challenge is cognizable.

As earlier stated, it has been consistently held that, except when double jeopardy or separation of power is involved, that pretrial habeas is *not* cognizable unless the rights underlying a claim would be effectively undermined if not vindicated before trial. *Ex parte Perry*, 483 S.W.3d at 895; *Ex parte Ellis*, 309 S.W.3d at 79. Most notably, this limitation includes a constitutional challenge based on an Eighth Amendment violation. *See Ex parte Powell*, 570 S.W.3d 417, 421 (Tex. App.—Waco 2019, no pet.) (concluding that an adult applicant's Eighth Amendment claim was not cognizable in a pretrial writ of habeas corpus); *Ex parte Ragston*, 402 S.W.3d 472, 477

11

(Tex. App.—Houston [14th Dist.] 2013), *aff'd sub nom. Ragston v. State*, 424 S.W.3d 49 (Tex. Crim. App. 2014) (determining that applicant's pretrial habeas complaint contending that because he was 17 years old on the date of the alleged offense, and that imposition of a capital felony sentence would violate his Eighth Amendment rights, was not cognizable on a pretrial writ).

Accordingly, we conclude that Rodriguez's as-applied challenge to the constitutionality of Texas's statutes defining the age of criminal culpability at age 17 years old is not cognizable on a pretrial writ. *See Ex parte Ellis*, 309 S.W.3d at 81–82. Thus, we overrule the remaining part of Rodriguez's sole issue raising an as-applied challenge.

In sum, Rodriguez failed to establish the trial court abused its discretion in denying his application for writ of habeas corpus. We overrule Rodriguez's sole issue.

## CONCLUSION

We affirm the trial court's judgement denying habeas relief.

GINA M. PALAFOX, Justice

April 22, 2024

Before Alley, C.J., Palafox and Soto, JJ.
Soto, J., concurring

(Do Not Publish)

12