James **BOUCHER**, Appellee,

v.

**BANK OF ADAMSVILLE**, Appellant.

Court of Appeals of Tennessee,
Western Section.

Aug. 17, 1971.

Affirmed by Supreme Court Dec. 6, 1971.

James A. Hopper and Ross, Ross & Hopper, Savannah, for appellant.

George L. Morrison, Jackson, for appellee.

CARNEY, Presiding Judge.

The Bank of Adamsville, Adamsville, Tennessee, has appealed from a decree of the Chancery Court of McNairy County reforming a promissory note dated October 12, 1959, in the original amount of $3,800 due and payable on demand to the Bank of Adamsville signed by James Boucher, C. L. Majors, and Lloyd Barnes so as to make Ramer Manufacturing Company the maker of said note, by James Boucher, president, C. L. Majors, secretary-treasurer, and Lloyd Barnes, vice president. On July 25, 1959, Ramer Manufacturing Company, Inc. borrowed $3,800 from the Bank at Adamsville by promissory note dated July 25, 1959, due and payable July 25, 1960, with interest at 6% per annum which note was signed "Ramer Manufacturing Company, Inc. by James Boucher, Pres., C. L. Majors, Sec.-Treas. and Lloyd Barnes, Dir." This note was secured by a chattel mortgage on 41 Singer sewing machine heads and stands and was duly recorded on July 27, 1959, in the Register's office of McNairy County, Tennessee. The note annd mortgage were prepared by Mr. McArthur, cashier of the Bank of Adamsville.

On October 12 1959, the Ramer Manufacturing Company was out of money and needed money for payroll. Officials of the company, Boucher, Majors, and Barnes, approached Mr. McArthur about an addi-

tional loan to be repaid out of some checks supposed to come in to Ramer Manufacturing Company within a very short time for products which had been manufactured and sold. Mr. McArthur made a loan of $3,800 on October 12, 1959. The entire $3,800 was deposited to the account of Ramer Manufacturing Company and used by Ramer Manufacturing Company in the payment of its payroll. The disputed question of fact is whether the loan was made to Ramer Manufacturing Company or made to James Boucher, C. L. Majors, and Lloyd Barnes for the benefit of the corporation.

The note found by the Chancellor to have been erroneously drawn by Mr. McArthur by mutual mistake of fact is in the words and figures as follows:

The loan was entered on the books of the Bank as a loan to James Boucher, C. L. Majors, and Lloyd Barnes, individually and was not entered upon the books of the Bank as an additional loan to Ramer Manufacturing Company. The testimony in the record is very meager but we think it can be inferred that Ramer Manufacturing Company went broke in early 1960; ceased to do business but was never liquidated through court.

The Bank collected little, if any, of its original loan of $3,800 dated July 25, 1959, to Ramer Manufacturing Compay, Inc. The Bank of Adamsville made no effort to collect any part of the $3,800 loan dated October 12, 1959, or interest thereon from James Boucher, Majors and/or Barnes until December 31, 1963, when the Bank filed suit on the note in the Circuit Court of McNairy County seeking a judgment against said three defendants, Boucher, Majors, and Barnes. Solicitor for appellant makes the statement in his brief that the Bank recovered a judgment against Boucher, Majors, and Barnes on the note in a total of $5,227.16 and that before execution was issued on the judgment the present suit was filed in Chancery Court by complainant James Boucher seeking to enjoin the enforcement by the Bank of any execution of the judgment. No effort was made to prove the judgment in the present case. The original bill filed March 3, 1960, alleges only that suit had been filed on the note. The implication is that the Bank had not proceeded to judgment.

Complainant Boucher, a school teacher for seventeen years, testified that the note in question was intended by him and the other signers to be an indebtedness only of Ramer Manufacturing Company and that he personally was not to be bound on the note. Likewise, C. L. Majors who was 79 years of age at the time of the trial and was secretary-treasurer of Ramer Manufacturing Company testified that he did not understand at the time he signed

the note dated October 12, 1959, that he was bound personally. Mr. Hugh McArthur, who had resigned as cashier of the Bank on April 1, 1961, because of ill health, was employed by the B & B Construction Company at the time he gave his deposition in 1964. Mr. McArthur testified that he prepared the note for Ramer Manufacturing Company in July, 1959, and that he also prepared the note dated October 12, 1959; that the October 12, 1959, note was erroneously prepared by him and should have been written so as to have been the note of Ramer Manufacturing Company and the three signers, Boucher, Majors, and Barnes should have signed only as officers of the corporation. He further testified that it was his understanding and purpose that these three officers were not to be bound personally for the indebtedness but that only Ramer Manufacturing Company was to be looked to for the payment of the note. He said the loan was to be a temporary loan and that after the proceeds of the manufactured goods came in, the proceeds were to be applied on the October 12, 1959, note and then a third note was to be issued by Ramer Manufacturing Company combining the old indebtedness of July 25, 1959, together with any balance that might be due on the second note. The third note was to be secured by a new chattel mortgage. He testified that he was never able to collect any of the checks from Ramer Manufacturing Company, though he tried.

O. L. Walker, president of the Bank of Adamsville, who was a director and on the finance committee in October, 1959, testified that Mr. McArthur presented the application of Ramer Manufacturing Company for the additional loan of $3,800 in October, 1959; that the Finance Committee agreed that the Bank would make the loan only on condition that Boucher, Majors, and Barnes would sign the note individually because the corporation had exhausted its line of credit. He was corroborated by Mr. Gilsie W. Carroll, another director of the Bank and member of the Finance Committee, who was present at the time the loan was discussed in October, 1959. Mr. Carroll testified that he, too, recalled that the loan was approved only on the condition that Boucher, Majors, and Barnes would sign the note individually. Neither Walker nor Carroll ever discussed the loan with Boucher, et al.

The only other evidence of any consequence in the record bearing on the issue before the Chancellor was a financial statement submitted by the complainant, James Boucher, to the Bank of Adamsville on or about October 15, 1959, which recited in part as follows:

"For the purpose of obtaining a line of credit with you not to exceed ⅓ *of $3800 $1266.66* I tender the following statement of my business as of October 15, 1959, and agree to notify you promptly of any change affecting my ability to pay." (Italicized portion filled in in pen and ink.)

Then follows a listing of assets of $23,100, liabilities of $3,600 leaving a net worth of $19,500. No financial statement could be found of the other two signers of the note. The $3,800 note dated October 12, 1959, subject of the present lawsuit was not listed among the liabilities on the financial statement.

Mr. McArthur, cashier of the Bank, does not make a very plausible explanation of why he took a personal financial statement from Mr. Boucher if Mr. Boucher was not to be held liable on the promissory note which he had signed. None of the officials of the Bank ever talked to Mr. Boucher about this indebtedness except Mr. McArthur.

On the basis of the unequivocal statement by Mr. McArthur that he, as

cashier of the Bank of Adamsville, was not expecting any one of the three signers of the note of October 12, 1959, to pay any portion of said indebtedness and that he made a mistake in not showing the indebtedness on the books of the Bank as an indebtedness of the Ramer Manufacturing Company, His Honor the Chancellor held that there was a mutual mistake of fact in the execution of the note. He ordered the note reformed according to the intention of the parties as expressed by Mr. McArthur.

Our reading of Mr. McArthur's testimony leaves many questions unanswered in our mind. However, the uncontradicted testimony that no official of the Bank of Adamsville ever asked any one of these three signers to make any payment of principal or interest on the note in question during the four years before suit was filed on December 31, 1963, compels us to hold that the evidence does not preponderate against the finding of the Chancellor. Therefore, the presumption of correctness of the Chancellor's decision prevails. T.C.A. Section 27–303. Suit was not filed until after the bank examiners criticized the note of October 12, 1959.

■ Solicitor for appellant says he predicates his whole appeal upon the case of Lazarov v. Klyce, 195 Tenn. 27, 255 S.W.2d 11. The Lazarov case is not controlling of the case at bar because Lazarov v. Klyce was a suit on the note itself and not a suit to reform the note. Reformation of written documents may be had, in proper cases, on oral testimony. Marron v. Scarbrough, 44 Tenn.App. 414, 314 S.W.2d 165.

The assignments of error are respectfully overruled. The decree of the Chancellor is affirmed. The costs in the Court below and in this Court are taxed against appellant, Bank of Adamsville.

MATHERNE and NEARN, JJ., concur.