**Alfonso GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47734.**

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

John J. Pichinson, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty. and John Potter, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted of the offense of burglary; his plea of guilty was accepted and punishment was assessed at 12 years' confinement.

Two grounds of error are raised in support of the appeal. The sufficiency of the evidence is not challenged.

Appellant first alleges that the trial court erred in denying his motion for a new trial, which was based upon newly discovered evidence. The motion stated that a witness had been located who could testify that on the day in question he saw another man in possession of the goods alleged to have been stolen by appellant later that same day.

The record does not reflect that the motion was ever acted upon by the trial court, or a hearing held to present evidence thereon. No motion for continuance was filed in this cause and appellant does not contend that a subpoena was issued for the missing witness prior to trial. Mere allegations of newly discovered evidence are not sufficient to reflect error. There is no evidence to support appellant's contention and this ground is overruled. Rodgers v. State, 486 S.W.2d 794 (Tex. Cr.App.1972).

In his remaining ground, appellant contends that the trial court erred in accepting his plea of guilty, since that plea was not made voluntarily. The record reflects that appellant himself informed the judge he had had adequate time to prepare for trial and wished to enter a plea of guilty. The court then advised the appellant to confer with his attorney in order to make sure that that was the course of action he wished to pursue. After that private discussion, appellant stated he still wished to plead guilty. Appellant told the court he understood that the enhancement allegations would be dropped if he plead guilty. That is, in fact, exactly what happened. The trial court properly admonished appellant according to Art. 26.13, Vernon's Ann.C.C.P., and the plea of guilty was accepted.

Appellant now argues on appeal that the plea could not have been made voluntarily since it was made as part of a bargain to avoid the enhancement statute. This Court faced an identical situation in Reyna v. State, 478 S.W.2d 481 (Tex.Cr. App.1972). That case cited Gaither v.

State, 479 S.W.2d 50 (Tex.Cr.App.1972) and stated that a plea is not rendered involuntary solely because it was induced as a result of a plea-bargaining situation.

> "The crucial issue is, whether, under all the facts and circumstances, the plea was truly voluntary. The plea must be a genuine one by a defendant who understands the situation, his rights, and the consequences of his plea and is neither deceived nor coerced." Gaither v. State, supra, at p. 51.

The record indicates that appellant knowingly entered his plea of guilty and he may not now complain of his decision.

The judgment is affirmed.