Roger GALVAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 50444.

Court of Criminal Appeals of Texas.

July 16, 1975.

Amador C. Garcia, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., J. Grant Jones, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of heroin where trial was before the court upon a plea of guilty. Punishment was assessed at five years.

The record reflects the offense occurred on January 11, 1974, and trial was on September 12, 1974.

Appellant contends that the trial court should have withdrawn his plea of guilty upon hearing the evidence and the recommendation of the prosecutor.

■ The record reflects that appellant's written judicial confession, signed and sworn to by appellant, and bearing the signatures of his counsel, the attorney for the State, and the judge, was introduced into evidence. A review of such confession reflects that it contains an admission to all elements of the offense. In addition, appellant took the stand and admitted that he possessed heroin on the date in question, that he was a user of heroin at that time, but since that date he had discontinued the use of heroin. The evidence in support of appellant's plea of guilty was overwhelming. We reject appellant's contention that

it was incumbent upon the trial judge to withdraw appellant's plea of guilty after hearing the evidence. See Trevino v. State, 519 S.W.2d 864; Reyna v. State, 434 S.W.2d 362; Williams v. State, 487 S.W.2d 363; Faz v. State, 510 S.W.2d 922; Garza v. State, 502 S.W.2d 155.

Appellant further urges that the court should have withdrawn his plea of guilty in view of the prosecutor's recommendation of probation. Before accepting appellant's plea of guilty, the court not only admonished appellant in accordance with Art. 26.13, Vernon's Ann.C.C.P., but followed the highly desirable practice of explaining in detail to appellant that he was aware of his motion for probation, and that he did not have to accept the recommendation of "the State's attorney nor your attorney" on punishment. The court further inquired of appellant if he understood that "you may or may not receive probation," and appellant answered in the affirmative. It would appear to be appellant's argument that the court should have withdrawn his plea in light of the prosecutor's recommendation of probation. Neither Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 nor the holdings of this Court will support such contention. Kincaid v. State, 500 S.W.2d 487; Trevino v. State, supra.

Appellant contends the court should have granted appellant's motion for probation in light of his record of no previous convictions and appellant's expression of willingness to live under the conditions of probation.

When trial is before the court and motion for probation is filed, the trial judge has absolute and unreviewable discretion to refuse or grant probation. Cisneros v. State, 501 S.W.2d 907; Saldana v. State, 493 S.W.2d 778.

Appellant contends that the court should have held a hearing to determine whether his plea of guilty was voluntary or was based upon an agreement with the district attorney.

As heretofore noted, the court carefully explained to appellant before accepting his plea of guilty that he was not bound by the recommendation of the prosecutor, that he was aware of appellant's motion for probation, and that appellant might or might not receive probation. It is further noted that when appellant took the stand to testify in support of his motion for probation, he was asked by his retained counsel, "Did I or the District Attorney promise you anything?" and appellant responded, "No."

The fact that appellant may have entered a plea of guilty as a result of plea bargaining in the hope of escaping the possibility of a higher sentence, as appellant strongly urges in his brief, did not invalidate the plea. Valdez v. State, 507 S.W.2d 202.

We reject appellant's contention that it was incumbent upon the court to go further in his inquiry of whether the plea was voluntary.

Appellant contends that the court should have been bound by the terms of the plea negotiated by and between appellant and the State.

This argument was answered adversely to appellant in this Court's recent decision in Trevino v. State, supra.

We have reviewed appellant's contention that he has been denied due process of law in which grounds heretofore asserted are reviewed. We find no merit in same.

The judgment is affirmed.

Opinion approved by the Court.