ACCEPTED
13-14-00676-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
3/12/2015 3:53:30 PM
DORIAN RAMIREZ
CLERK

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
3/12/2015 3:53:30 PM
DORIAN E. RAMIREZ
Clerk

NO. 13-14-00676-CR

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI/EDINBURG, TEXAS

DEBORAH ALFORD, Appellant

VS

THE STATE OF TEXAS, Appellee

AN APPEAL FROM THE 94TH DISTRICT COURT
OF NUECES COUNTY, TEXAS

APPELLANT'S *ANDERS* BRIEF

PAUL DODSON
TX BAR #05942000
218 LEMING AVE.
CORPUS CHRISTI, TX 78404
TEL:   361.364.7415
FAX:   361.237.1963
PAUL@PAULDODSON.NET

ATTORNEY FOR DEBORAH ALFORD

## NAMES AND ADDRESSES OF ALL PARTIES

**APPELLANT:**              **Deborah Alford**
                           SID# 03731988
                           TDCJ # 01964870
                           Marlin Transfer Facility
                           2893 State Hwy 6
                           Marlin, TX 76661-6588


TRIAL COUNSEL:             Hon. Deeanne Galvan (initial plea)
                           901 Leopard
                           Corpus Christi, Tx 78401

                           Tanya R. Garza (revocation)
                           302 Rosebud
                           Corpus Christi, Texas  78404


APPELLATE COUNSEL:         Paul Dodson
                           218 Leming Ave.
                           Corpus Christi, Tx 78404
                           paul@pauldodson.net


**APPELLEE:**              **The State of Texas**

TRIAL COUNSEL:             Hon. Mark Skurka
                           Nueces County District Attorney
                           ADA Lance Watt (plea)
                           ADA Young Min C. Burkett (revocation)
                           901 Leopard
                           Corpus Christi, Tx 78401


APPELLATE COUNSEL:         Hon. Mark Skurka
                           Nueces County District Attorney
                           901 Leopard
                           Corpus Christi, Tx 78401

i

REQUEST FOR ORAL ARGUMENT

Appellant does NOT request oral argument at the time of submission.

NOTE ON THE RECORD

| Record item | Citation in brief |
| --- | --- |
| Clerk's Record | C.R. |
| Supplemental Clerk's Record | Suppl. C.R. |
| Reporter's Record (Revocation hearing on November 3, 2014) | R.R. |
| Supplemental Reporter's Record (Plea hearing september 6, 2006) | Suppl. R.R. |

# TABLE OF CONTENTS

NAMES AND ADDRESSES OF ALL PARTIES ..............................................i

REQUEST FOR ORAL ARGUMENT ...................................................ii

NOTE ON THE RECORD .....................................................................ii

TABLE OF CONTENTS ........................................................................iii

LIST OF AUTHORITIES .......................................................................iv

STATEMENT OF THE CASE ..................................................................vi

ISSUE .....................................................................................................vii

    Is there a colorable issue to raise in this appeal? ......................... vii

STATEMENT OF FACTS ........................................................................7

SUMMARY OF THE ARGUMENT .........................................................2

ARGUMENT ............................................................................................2

    Standard for *Anders* brief .......................................................2

    Potential issue: charging instruments ...................................3

    Potential issue: pretrial motions ...........................................4

    Potential issue: guilty plea procedures .................................4

    Potential issue: mental competence ......................................6

    Potential issue: proof of charges ..........................................6

        Initial possession conviction .........................................6

        Revocation ......................................................................6

    Potential issue: punishment ...................................................8

    Potential issue: effective representation ............................. 10

    Potential issue: fundamental error ..................................... 11

PRAYER FOR RELIEF ...........................................................................12

CERTIFICATE OF SERVICE ................................................................13

CERTIFICATE OF COMPLIANCE .......................................................13

APPENDIX ..............................................................................................2

## LIST OF AUTHORITIES

### **Cases**

Anders v. California, 386 U.S. 738 (1967). ................................................................2

Arizona v. Fulminante, 499 U.S. 279 (1991).......................................................... 11

Cain v. State, 947 S.W.2d 262 (Tex. Crim. App. 1997)....................................... 11

Carter v. State, 656 S.W.2d 468 (Tex. Crim. App. 1983) .................................... 11

Cobb v. State, 851 S.W.2d 871 (Tex. Crim. App. 1993)........................................6

Dinnery v. State, 592 S.W.2d 343 (Tex. Crim. App. 1979) (op. on reh'g) ..........6

Few v. State, 588 S.W.2d 578 (Tex. Crim. App. 1979)...........................................3

Furr v. State, 13-14-0008-CR, 2015 Tex. App. LEXIS 527
(Tex. App.—Corpus Christi 2015, no pet. h.) (mem. op.)............................7

Graham v. Florida, 560 U.S. 48 (2010)................................................................. 8, 9

Herrera v. State, 951 S.W.2d 197 (Tex. App.—Corpus Christi 1997, no
pet.).......................................................................................................................7

In re Shulman, 252 S.W.3d 403 (Tex. Civ. App. 2008) (original
proceeding)..........................................................................................................3

Johnson v. State, 885 S.W.2d 641 (Tex. App.—Waco 1994, pet. ref'd).............3

Jones v. State, 589 S.W.2d 419 (Tex. Crim. App. 1979) .......................................7

Manuel v. State, 994 S.W.2d 658 (Tex. Crim. App. 1999)..............................7

McCoy v. Court of Appeals, 486 U.S. 429 (1988) .................................................3

McNew v. State, 608 S.W.2d 166 (Tex. Crim. App. 1978)...................................9

Moore v. State, 605 S.W.2d 924 (Tex. Crim. App. 1980) (panel op.) .................7

Nix v. State, 65 S.W.3d 664 (Tex. Crim. App. 2001) .............................................7

Penson v. Ohio, 488 U.S. 75 (1988)........................................................................2

Salinas v. State, 163 S.W.3d 734 (Tex. Crim. App. 2005) .................................. 10

Samuel v. State, 477 S.W.2d 611 (Tex. Crim. App. 1972) ....................................9

Strickland v. Washington, 466 U.S. 668 (1984)................................................... 10

Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999)................................. 10

Trevino v. State, 519 S.W.2d 864, 866 (Tex. Crim. App. 1975) ..........................6

Vela v. State, 2014 Tex. App. LEXIS 7281, 2014 WL 3049482 (Tex. App.—Corpus Christi 2014, no pet.) (memo. op) ..........................................9

Wester v. State, 542 S.W.2d 403 (Tex. Crim. App. 1976) .....................................6

**Statutes**

TEX. CODE CRIM. PROC. art. 21.03 ......................................................................3

TEX. CODE CRIM. PROC. art. 26.13 ................................................................ 4, 5, 6

TEX. HEALTH & SAFETY CODE § 481.002 ............................................................4

TEX. HEALTH & SAFETY CODE § 481.102 ............................................................4

TEX. HEALTH & SAFETY CODE § 481.112 ........................................................ 3, 8

TEX. PENAL CODE § 12.35 ...................................................................................8

**Other Authorities**

Schmolesky, TEX. CRIM. PRAC. GUIDE § 90.08 ................................................. 11

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI/EDINBURG, TEXAS

DEBORAH ALFORD, Appellant

VS

THE STATE OF TEXAS, Appellee

AN APPEAL FROM THE 94TH DISTRICT COURT
OF NUECES COUNTY, TEXAS

APPELLANT'S *ANDERS* BRIEF

TO THE HONORABLE COURT OF APPEALS:

Counsel for Appellant Deborah Alford files this *Anders* brief in these consolidated appeals.

STATEMENT OF THE CASE

NATURE OF THE CASE          Defendant was charged with possession of cocaine in Cause # 06-CR-2619-C. She was placed on community supervision, which was revoked in 2014 when she pled true to a motion to revoke her probation.

TRIAL JUDGE          Hon. Bobby Galvan

TRIAL COURT/COUNTY          94th District Court, Nueces County

| DISPOSITION IN THE TRIAL COURT | The trial court revoked Defendant's community supervision in the possession case, and adjudicated guilt on a robbery charge. Defendant was sentenced to two years in the state jail on the possession conviction and three years' imprisonment on the robbery conviction. |
| --- | --- |
| | Defendant appealed the possession case and the robbery case (13-15-00681). |

## ISSUE

Is there a colorable issue to raise in this appeal?

## STATEMENT OF FACTS

In 2006, Alford pled guilty to delivery of cocaine. She was sentenced to two years of state jail time, with her sentence probated for three years. C.R. 37. Her community service on this charge was extended five times:

| Date of order | New termination date | Record reference |
| --- | --- | --- |
| 4/10/08 | 9/6/11 | C.R. 61, 63 |
| 7/14/11 | 9/6/12 | C.R. 93 |
| 12/7/11 | 9/6/13 | C.R. 107 |
| 8/14/13 | 9/6/14 | C.R. 110 |
| 8/20/14 | 9/6/15 | Suppl. C.R. 5 |

In October 2014, the State moved the trial court to revoke her community service. C.R. 124. At the hearing, the State asked the trial court to sentence Alford to two years in state jail on the possession charge and three years' imprisonment on another charge. R.R. 8. Alford's counsel requested reinstatement of probation on both charges. R.R. 8-9. The trial court followed the State's recommendations on revocation and sentencing. R.R. 10.

## SUMMARY OF THE ARGUMENT

An appeal in this case would be frivolous as there are no colorable issues to raise.

## ARGUMENT

**Issue restated:** Is there a colorable issue to raise in this appeal?

**Standard for *Anders* brief**. The attorney's role as an advocate requires that counsel support a client's appeal to the best of his or her ability. *Anders v. California*, 386 U.S. 738 (1967). A defendant's right to assistance of counsel, however, does not included the right to have an attorney urge frivolous or unmeritorious claims on appeal. *Penson v. Ohio,* 488 U.S. 75, 83-84 (1988). An attorney may not properly make

frivolous arguments to a court. *McCoy v. Court of Appeals*, 486 U.S. 429, 436 (1988); In re *Shulman*, 252 S.W.3d 403, 406 fn 8 (Tex. Crim. App. 2008) (original proceeding). The purpose of an *Anders* brief is to ensure that counsel has carefully reviewed the trial record and thoroughly researched the law before deciding that the appeal is frivolous. *Id*, at 439. Counsel must resolve all doubts and ambiguous legal questions in favor of his or her client and file an *Anders* brief only if there are no arguments that could conceivably persuade the court. *Id.* , at 444; *Johnson v. State*, 885 S.W.2d 641, 645 (Tex. App.—Waco 1994, pet. ref'd)

**Potential issue: charging instruments**. An indictment should allege all that the State is required to prove. TEX. CODE CRIM. PROC. art. 21.03. An indictment drafted in the language of the statute defining an offense is ordinarily sufficient. *Few v. State*, 588 S.W.2d 578, 583 (Tex. Crim. App. 1979).

Possession of controlled substance. Pursuant to TEX. HEALTH & SAFETY CODE § 481.112(a), except as authorized, "a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1." "Controlled substance" means "a substance, including a drug, an adulterant, and a dilutant, listed in … Penalty Groups 1, 1-A, or 2 through

3

4. The term includes the aggregate weight of any mixture, solution, or other substance containing a controlled substance." TEX. HEALTH & SAFETY CODE § 481.002(5). "Penalty Group 1" includes cocaine. *Id.*, § 481.102(3)(D). "Deliver" means "to transfer, actually or constructively, to another a controlled substance…. The term includes offering to sell a controlled substance, counterfeit substance, or drug paraphernalia." TEX. HEALTH & SAFETY CODE § 481.002(8).

> The possession indictment alleges that Alford
>
> on or about MARCH 11, 2006, in Nueces County, Texas, did then and there knowingly and intentionally make an actual transfer or a constructive transfer of COCAINE, a controlled substance listed in Penalty Group 1 of the Texas Controlled Substances Act, to TODD BEACH, and that the amount transferred was, by aggregated weight, including any adulterants or dilutants, less than one gram….

Because this indictment tracks the statutory language, the charging instrument is legally sufficient.

**Potential issue: pretrial motions**. No pretrial motions were filed on behalf of Alford in this case.

**Potential issue: guilty plea procedures**. A judge accepting a plea of guilty or no contest is required to provide certain statutory admonishments. TEX. CODE CRIM. PROC. art. 26.13(a). A judge may do so

4

orally or in writing. If in writing, there must be a statement signed by the defendant and his attorney that he understands the admonishments and is aware of the consequences of his plea. TEX. CODE CRIM. PROC. art. 26.13(d). Substantial compliance is sufficient, in the absence of an affirmative showing by the defendant that he was not aware of the consequences of his plea and that he was mislead or harmed by the admonishment of the court. TEX. CODE CRIM. PROC. art. 26.13(c).

The record shows substantial compliance with the admonishment requirements in all three cases:

| | |
|---|---|
| (1) range of punishment | C.R. 15 R.R. 7 |
| (2) recommendation of the prosecuting attorney as to punishment is not binding on the court | C.R. 12 |
| (3) in plea agreement, the trial court must give its permission before the defendant may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial | C.R. 14, 19, 20, 27 |
| (4) consequences of non-citizenship | Defendant is a U.S. citizen. C.R. 19 |
| (5) sex offender registration requirements | Not in issue. |

**Potential issue: mental competence**. A guilty plea may not be accepted unless the defendant is mentally competent and the plea is free and voluntary. TEX. CODE CRIM. PROC. art. 26.13(b). Alford and her counsel indicated that Alford was competent and had freely made his plea. CR 18, 21, Suppl. R.R. 4-5; R.R. 5-6.

**Potential issue: proof of charges**. There was no error in the proof of the charges against Alford.

Initial possession conviction**.** The defendant's judicial confession admitting all elements of the offense is sufficient evidence to support a conviction. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh'g); *Trevino v. State*, 519 S.W.2d 864, 866 (Tex. Crim. App. 1975). Alford judicially confessed to this charge. C.R. 28. The police reports introduced, without objection, also supported the charge. C.R. 31 et seq., Suppl. R.R. 6.

Revocation. Whether to revoke community supervision rests within the discretion of the trial court. *Wester v. State*, 542 S.W.2d 403, 405 (Tex. Crim. App. 1976). The burden of proof in a probation revocation is measured by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Appellate review of evi-

6

dence presented at a revocation hearing is in the light most favorable to the trial court's decision. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979).

In its motion to revoke probation, the State's allegations included Alford's submission of positive urine analysis for cocaine. C.R. (robbery) 94. She pled true to at least one violation, including the positive urine tests. C.R. 116; R.R. 7. In reviewing a probation revocation, a single violation of probation is sufficient to support the trial court's decision to revoke. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (panel op.); *Solis v. State*, 13-14-0008-CR, 2015 Tex. App. LEXIS 527, *1 fn 1 (Tex. App.—Corpus Christi 2015, no pet. h.) (mem. op.); *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.—Corpus Christi 1997, no pet.).

<u>Limited review</u>. An appellant may not appeal matters relating to the original plea proceeding after his community supervision has been revoked and an adjudication of guilt formally made. *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). The two limited exceptions to this principle are the "void judgment" exception and the "habeas corpus" exception. *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). Neither exception applies here.

**Potential issue: punishment**. The trial court imposed punishment in accord with statutory requirements.

- Alford was sentenced to two years for possession. Delivery of a controlled substance in Penalty Group 1 is a state jail felony if the amount of the controlled substance is, by aggregate weight, including adulterants or dilutants, less than one gram. TEX. HEALTH & SAFETY CODE § 481.112(b). In this case, an individual adjudged guilty of a state jail felony may be punished by confinement in a state jail for any term of not more than two years or less than 180 days. TEX. PENAL CODE § 12.35(a).

- The trial court also fined her $1,500. C.R. (possession) 37. The revocation judgment, however, did not include a fine. C.R. 122.

The sentence is within the range of punishment for the charge.

The United States Constitution prohibits "cruel and unusual punishment." U.S. CONST. amend. VIII. "Embodied in the Constitution's ban on cruel and unusual punishments is the 'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.'" *Graham v. Florida*, 560 U.S. 48, 59 (2010). Proportionality contests include challenges to the length of term-of-years sentences given circumstances in a particular case. *Id.* In these challenges, courts analyze the claim with a threshold comparison of the gravity of the offense and severity of the sentence. Only in the "rare case," where the

threshold comparison suggests gross disproportionality will the courts then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Id.*

In these appeals, Alford's offenses allowed punishment in the range imposed on her. When the punishment assessed is within the range of punishment established by the legislature, there is no violation of the constitutional provisions against cruel and unusual punishment. *McNew v. State*, 608 S.W.2d 166, 174 (Tex. Crim. App. 1978); *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972). The judgments adjudicating guilt reflect the same sentence that the court imposed at the hearings. R.R. 7; C.R. 37, R.R. 10; C.R. 122.

There is no evidence from the record to suggest the 534 days credited on the possession charge were improperly applied. The trial court allowed the sentences in the two cases to be served concurrently. There is no indication of disproportionality between the length sentence and the severity of the offenses. *Vela v. State*, 2014 Tex. App. LEXIS 7281, 2014 WL 3049482 (Tex. App.—Corpus Christi 2014, no pet.) (memo. op).

**Potential issue: effective representation**. To show ineffective assistance of trial counsel, an appellant must show by a preponderance of the evidence that counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). Review of counsel's representation is highly deferential, and there is a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Id.* To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Alford was represented by counsel at every hearing. She indicated she was satisfied with her representation at the hearings prior to her being placed on probation. C.R. 28 (SX-1). Ineffective assistance of counsel is not demonstrated.

**Potential issue: fundamental error**. In rare situations, appellate courts reverse convictions even when the error resulting in the reversal was not properly preserved at trial. *Carter v. State*, 656 S.W.2d 468, 469–470 (Tex. Crim. App. 1983);. The doctrine of fundamental error is limited in Texas criminal practice to those federal constitutional errors labeled as "structural" by the United States Supreme Court. *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997), referencing *Arizona v. Fulminante*, 499 U.S. 279, 309-310 (1991).

The district court had both subject matter jurisdiction (felonies adjudicated in the district court), and geographic jurisdiction (offenses committed in Nueces County). None of the types of fundamental error that would undermine the fairness of the proceedings against Alford appear in the record. Schmolesky, TEX. CRIM. PRAC. GUIDE § 90.08 [g][i].

11

## PRAYER FOR RELIEF

WHEREFORE, Deborah Alford's appellate counsel, has diligently reviewed the entire record and concludes there is no reversible error, and respectfully requests that this Honorable Court grant the pending motion to withdraw as counsel.

Respectfully submitted

_____
PAUL DODSON
TX BAR #05942000
218 LEMING AVE.
CORPUS CHRISTI, TX 78404
TEL:        361.364.7415
FAX:        361.237.1963
paul@pauldodson.net

12

## CERTIFICATE OF SERVICE

By affixing my signature below, I certify that a true copy of the foregoing document was delivered on March 12, 2015, to the following attorneys in accordance with the Texas Rules of Appellate Procedure:

Mr. Doug Norman
Nueces County District At-
torney Appellate Division
901 Leopard
Corpus Christi, Tx 78401

Ms Deborah Alford
SID# 03731988
TDCJ # 01964870
Marlin Transfer Facility
2893 State Hwy 6
Marlin, TX 76661-6588

_____
PAUL DODSON

## CERTIFICATE OF COMPLIANCE

The number of words in this document, excluding those provisions described in TEX. R. APP. P. 9.4(i)(1) is 1995. This figure is provided in reliance on the word count of the computer program used to prepare this document.

NO. 13-14-00676-CR

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI/EDINBURG, TEXAS

DEBORAH ALFORD, Appellant

VS

THE STATE OF TEXAS, Appellee

AN APPEAL FROM THE 94TH DISTRICT COURT
OF NUECES COUNTY, TEXAS

APPENDIX

**Tab**   **Document**

1. Indictment

2. Judgment Revoking Community Supervision

TRN:
FBI NO.
DPS NO.
D.O.B.     08-25-1957
DATE OF ARREST:
ARRESTING AGENCY:
BOND: 2500         By:

NO.    06-CR-2619-C

THE STATE OF TEXAS VS. DEBORAH ALFORD

CHARGE:    DELIVERY OF COCAINE
           PENALTY GROUP 1 / LESS THAN ONE GRAM
STATUTE:   TEXAS CONTROLLED SUBSTANCES ACT SECTION 481.112
DEGREE:    STATE JAIL FELONY

COURT:    _____

        + + + + + + + + + + + + + + + + + + + + +

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

    The duly organized Grand Jury of Nueces County, Texas, presents in the District Court of Nueces County, Texas, that

DEBORAH ALFORD, defendant,

on or about MARCH 11, 2006, in Nueces County, Texas, did then and there knowingly and intentionally make an actual transfer or a constructive transfer of COCAINE, a controlled substance listed in Penalty Group 1 of the Texas Controlled Substances Act, to TODD BEACH, and that the amount transferred was, by aggregated weight, including any adulterants or dilutants, less than one gram,

against the peace and dignity of the State.

                                    FOREMAN OF THE GRAND JURY

INC  0606191030 SID  10067150
ALFORD, DEBORAH  MARIE
DOB 08/25/1957
POSS W/ INT MAN/DEL CS PG FS          **1: indictment**

6



| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 94TH DISTRICT |
| | § | |
| v. | § | COURT |
| | § | |
| DEBORAH ALFORD | § | NUECES COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX03731988 | § | |

# JUDGMENT REVOKING COMMUNITY SUPERVISION

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. BOBBY GALVAN | Date Judgment Entered: | 11/3/2014 |
| Attorney for State: | YOUNG BURKETT | Attorney for Defendant: | TANYA GARZA |

| | |
|---|---|
| Date of Original Community Supervision Order: | Statute for Offense: |
| 9/6/2006 | TEXAS CONTROLLED SUBSTANCES ACT SECTION 481.112 |

Offense for which Defendant Convicted:
**DELIVERY OF COCAINE**

Date of Offense:
**3/11/2006**

| Degree of Offense: | Plea to Motion to Revoke: | Findings on Deadly Weapon: |
|---|---|---|
| STATE JAIL FELONY | TRUE | N/A |

Original Punishment Assessed:
**TWO (2) YEARS STATE JAIL DIVISION, TDCJ PROBATED THREE (3) YEARS FINE: $ N/A**

Shock Community Supervision:
**N/A            FINE: $ N/A**

| | | |
|---|---|---|
| Date Sentence Imposed: | 11/3/2014 | Date Sentence to Commence:    11/3/2014 |

| | |
|---|---|
| Punishment and Place of Confinement: | TWO (2) YEARS STATE JAIL DIVISION, TDCJ |

**THIS SENTENCE SHALL RUN CONCURRENTLY with Cause No. 08-CR-3889-C of Nueces County, Texas.**

| Fine: | Court Costs: | Restitution: | Restitution Payable to: | |
|---|---|---|---|---|
| $ N/A | $ 75 | $ N/A | ☐ VICTIM (see below) | ☐ AGENCY/AGENT (see below) |

## IS ORIGINAL JUDGMENT / SENTENCE REFORMED? NO

☐ In accordance with Section 12.44(a) Penal Code, the Court finds that the ends of justice would best be served by punishment as a Class A misdemeanor. Defendant is adjudged to be guilty of a state jail felony and is assessed punishment indicated above.

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

| 534 | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. | | | | | |
|---|---|---|---|---|---|---|
| Time Credited: | From | to | From | to | From | to |
| | From | to | From | to | From | to |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. | | | | | |
| | DAYS       NOTES: | | | | | |

All **pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.**

This cause was called in **Nueces** County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel  (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

The State filed a motion to revoke Defendant's community supervision. After hearing the State's motion and plea, the evidence submitted, and reviewing the record, the Court **GRANTS** the State's motion. The Court's record indicates that Defendant

SCANNED

NOV 25 2014

PATSY PEREZ, DISTRICT CLERK
NUECES COUNTY

2: Judgment Revoking Community Supervision



was previously convicted of a felony offense and punishment was assessed as indicated above. The record indicates the Court ordered imposition of Defendant's sentence of confinement suspended and placed Defendant on community supervision for **3 YEARS.**

The Court **FINDS** Defendant has violated the conditions of community supervision as set out in the State's **ORIGINAL** Motion to Revoke Community Supervision as follows:

<u>SEE ATTACHED COPY OF MOTION TO REVOKE.</u>

Accordingly, the Court **ORDERS** the previous orders in this cause suspending imposition of sentence of confinement and placing Defendant on community supervision **REVOKED. (select one of the following)**

☐ The Court **ORDERS** Defendant punished in accordance with the judgment and sentence originally entered in this cause.

☒ Finding it to be in the interest of justice, the Court **ORDERS** Defendant punished in accordance with the reformed judgment and sentence indicated above.

<u>Punishment Options (select one)</u>

☒ **Confinement in Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to the Parole Division, TDCJ. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of          County, Texas on the date the sentence is to commence. Defendant shall be confined in the County Jail for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the          . Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court **ORDERS** Defendant to proceed immediately to the Office of the          County . Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

The Court **ORDERS** Defendant's sentence **EXECUTED.**

The Court **ORDERS** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

The Court further **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

**Signed and entered on** _____ NOV 06 2014 _____.

JUDGE PRESIDING