

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00215-CV
_____

**IN THE MATTER OF J.O.E., A JUVENILE**

On Appeal from County Court at Law No. 1
Potter County, Texas
Trial Court No. 10,478-J#1; Honorable W.F. "Corky" Roberts, Presiding

October 11, 2016

**OPINION**

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

On April 16, 2015, Appellee, the State of Texas, filed a petition alleging that Appellant, J.O.E.[1], a fifteen-year-old juvenile, violated the Texas Penal Code by committing aggravated robbery[2] and possession of marihuana.[3] A grand jury approved and certified the State's determinate sentencing petition on May 6, 2015. The State later waived the allegation of possession of marihuana, whereupon Appellant waived his

_____

[1] To protect the juvenile's privacy, we will refer to him by his initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014).

[2] *See* TEX. PENAL CODE ANN. § 29.03 (West 2011).

[3] *See* TEX. HEALTH & SAFETY CODE § 481.121(b)(1) (West 2010).

right to a jury trial and pleaded true to the aggravated robbery allegation. The trial court determined that Appellant had engaged in delinquent conduct and proceeded to hear testimony regarding the disposition phase of the proceeding. During the disposition phase, while Appellant's legal counsel remained silent, the State represented to the court that Appellant had been properly certified by a Potter County grand jury. At the conclusion of the hearing, the court determined that the appropriate placement for Appellant was in the Texas Department of Juvenile Justice for a period of eight years. The dispositional order was signed on May 18, 2015, and Appellant filed a timely notice of appeal.

By two issues, Appellant contends: (1) the trial court lacked jurisdiction to dispose of his case by determinate sentencing because the grand jury certification named the wrong person and (2) Appellant's right to a jury trial was violated because he never waived that right at the disposition phase of the proceeding. We affirm.

BACKGROUND

On May 6, 2015, a Potter County grand jury approved and certified the petition concerning Appellant. The certification documents consisted of a one-page document (signed by the grand jury foreman), entitled *Certification of Grand Jury Approval of Petition*, and four attached pages constituting the State's original petition. The style of the case, located at the top of the certification, correctly sets forth Appellant's full name, cause number, and name of the juvenile court. The body of the certification, however, names another individual as having engaged in delinquent conduct "by committing the offenses of Aggravated Robbery as alleged in Count One, and Possession of Marihuana as alleged in Count Two of the petition previously filed in Cause no. 10478-

2

J#1 [correct cause number] in the County Court at Law #1 of Potter County, Texas, [correct court] . . . a copy of which is attached and incorporated for all purposes herein." The attached petition lists Appellant's correct name no less than five times and never lists the name of the other individual.

Appellant came before the court for adjudication and disposition on May 18, 2015. At the adjudication hearing, the State announced that the grand jury had certified the petition and waived Count 2 (pertaining to the possession of marihuana charge). Following that announcement, Appellant pleaded true to the aggravated robbery charge. Prior to commencement of the hearing, Appellant and his attorney signed a written "Waiver of Trial by Jury" pursuant to section 54.03(c) of the Texas Family Code. TEX. FAM. CODE ANN. (West 2014). At the commencement of the adjudication hearing, the court admonished Appellant and confirmed the waiver of his right to trial by jury with respect to that phase of the proceeding. The court did not, however, provide any additional admonishments prior to beginning the disposition phase of the hearing. At no time did Appellant request, in writing or otherwise, a jury to determine the issue of disposition.

ANALYSIS AND DISCUSSION

Juvenile delinquency proceedings are governed by the provisions of the Texas Family Code. See TEX. FAM. CODE ANN. §§ 51.01 – 61.07 (West 2014 & Supp. 2016). Such proceedings are considered to be both civil and criminal in nature. In re S.L.L., 906 S.W.2d 190, 192 (Tex. App.—Austin 1995, no writ). Due to the very real possibility of loss of liberty, juvenile proceedings invoke procedural requirements similar to those in adult criminal prosecutions. Consequently, many of the rights afforded by the Texas

3

Code of Criminal Procedure to adult criminal defendants are also provided to a juvenile under the Texas Family Code.[4]

ERROR IN CERTIFICATION PETITION

A grand jury approves a juvenile court certification petition in the same manner that it votes on the presentment of an indictment, and the law expressly provides that a juvenile court petition that has been approved by a grand jury pursuant to section 53.045 is an indictment for the purpose of transferring a juvenile to the Texas Department of Criminal Justice. *In the Matter of J.G.*, 905 S.W.2d 676, 680 (Tex. App.—Texarkana 1995, writ denied). The indictment serves to invest the court with jurisdiction of the case. *Carrillo v. State*, 2 S.W.3d 275, 277 (Tex. Crim. App. 1999). An indictment also serves to give notice of the offense so that a defendant can adequately prepare a defense. *Cook v. State*, 902 S.W.2d 471, 475 (Tex. Crim. App. 1995). Additionally, the indictment serves to protect against the risk of incarceration without a finding of probable cause by a grand jury. *In the Matter of A.D.J.*, No. 03-96-00210-CV, 1996 Tex. App. LEXIS 4566, at *3 (Tex. App.—Austin, Oct. 16, 1996, writ denied) (mem. op.). An indictment must charge (1) a person with (2) the commission of the offense. *Cook*, 902 S.W.2d at 476. An indictment is sufficient when it contains the name of the accused, one or more initials of the given name and the surname, or states that the name is unknown and provides a reasonably accurate description of the accused. TEX. CODE CRIM. PROC. ANN. art. 21.07 (West 2009).

---

[4] For example, both juveniles and adults have the right to assistance of counsel and trial by jury. *Compare* TEX. CODE CRIM. PROC. ANN. arts. 1.051, 1.12 (West 2005 & Supp. 2016) *with* TEX. FAM. CODE ANN. §§ 51.10, 54.03, 54.04 (West 2014 & Supp. 2016).

Appellant contends that, because the certified petition serves as an indictment, which establishes the court's jurisdiction, and the certification approval form erroneously listed another individual in the body of the form, the certification of the petition was invalid and the trial court was, therefore, without jurisdiction. Because Appellant did not object to this alleged defect at the time of his hearing, he argues that lack of jurisdiction is fundamental error that can be brought for the first time on appeal. *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 328 (Tex. 1993).

The State, however, contends that a certified petition is not in all respects identical to an indictment. *In the Matter of A.D.J.*, 1996 Tex. App. LEXIS 4566, at *3. The State contends that certification serves to protect against the risk of incarceration without a finding of probable cause by a grand jury, but that an indictment's notice requirement is fulfilled by the State's original petition and the jurisdiction requirement is established by the service of summons on the juvenile. *Id.* The State contends all of these elements have been met, because while the certification page refers to an erroneous name, the identification of Appellant as the person who robbed and injured the victim was never at issue. That is, Appellant pleaded true to the factual basis of the petition during the adjudication hearing, signed a written stipulation admitting guilt of each element alleged in the petition, and testified as to his guilt during the disposition phase, and the correct name appears in the style of the case on the *Certification of Grand Jury Approval of Petition*, as well as in the original petition, which was attached thereto.

Both parties rely on *Cook*, which held that an indictment must charge (1) a person (2) with the commission of the crime, as established by Article V, Section 12(b)

of the Texas Constitution. *Cook*, 902 S.W.2d at 477. Article V, Section 12(b) was created to stop abuse by defendants withholding substantive defects at trial and raising them on appeal to void the conviction. *Id.* at 476. While Article V, Section 12(b) requires an indictment to charge "a person," it does not require the indictment to charge a person using their full and correct name. TEX. CONST. art. V, § 12(b); *Cook*, 902 S.W.2d at 479-80. The indictment in *Cook* "wholly failed" to list any person against whom the crime was charged or the *actus reus* of the offense. *Cook*, 902 S.W.2d at 480. The appellate court found the appellant had waived the error by failing to object at trial. The Texas Court of Criminal Appeals reversed, finding the conviction was void for lack of jurisdiction. *Id.* at 474. Defects in the fundamental, constitutional requirements of an indictment cannot be waived. *Id.* at 479.

A charging instrument can, however, be sufficient even when it does not list the correct name. *Cook*, 902 S.W.2d at 480 n.5 (noting that when an incorrect name is used, "whether erroneously or through a lack of information," the charging instrument still meets the Article V, Section 12(b) requirement to be an indictment, because it charges "a person"). Article 26.07 of the Texas Code of Criminal Procedures provides the following:

> When the defendant is arraigned, his name, as stated in the indictment, shall be distinctly called; and unless he suggest by himself or counsel that he is not indicted by his true name, it shall be taken that his name is truly set forth, and he shall not thereafter be allowed to deny the same by way of defense.

TEX. CODE CRIM. PROC. ANN. art. 26.07 (West 2009).

While a valid indictment is required for jurisdiction and is not subject to waiver— defects, errors, or irregularities in the form or substance of the indictment are

6

considered to be of a non-jurisdictional nature and can be waived by a defendant's plea of *nolo contendere.* TEX. CODE CRIM. PROC. ANN. art. 1.14 (West 2005); *Studer v. State*, 799 S.W.2d 263, 265 (Tex. Crim. App. 1990).

In the case at hand, the State's original petition names the correct person, whereas the grand jury's certification contains a misnomer by listing an erroneous name in the body of the certification. However, the erroneous name is best described as a defect, error, or irregularity in form, most likely the result of poor proof-reading following the use of a previous certification as a template. To be preserved, such errors must be objected to before the date of the trial or the right to complain on appeal is waived. TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005); *Studer*, 799 S.W.2d at 263. Here, Appellant did not object, either in writing or verbally, to the defect prior to trial and thus waives the right to object to the defect on appeal. Unlike *Cook*, where no person was listed in the indictment, in the present case "a person," referred to by the wrong name in the body of the certification, is listed. While the name is incorrect in the body of the certification, the name is correctly listed multiple times in the style of the case and the original petition, which was attached to the certification and "incorporated for all purposes," giving Appellant sufficient notice of the charges against him. Appellant's failure to correct errors or irregularities in the form of the certification prior to trial waives his right to bring these complaints for the first time on appeal. Appellant's first issue is overruled.

WAIVER OF TRIAL BY JURY

As to his second issue, Appellant contends his right to a jury trial was violated because he never waived that right at the disposition phase of the proceeding. Clearly,

7

Appellant was entitled to a jury trial during that phase of his hearing, but only by request. Section 54.04(a) of the Texas Family Code provides in relevant part:

> The disposition hearing shall be separate, distinct, and subsequent to the adjudication hearing. There is no right to a jury at the disposition hearing unless the child is in jeopardy of a determinate sentence under Subsection (d)(3) or (m), in which case, the child is entitled to a jury of 12 persons to determine the sentence, but only if the child so elects in writing before the commencement of the voir dire examination of the jury panel.

TEX. FAM. CODE ANN. § 54.04(a) (West Supp. 2016). Unlike section 54.03(b)(6), requiring the court to admonish the child of his right to a trial by jury at the beginning of the adjudication hearing, there is no statutory requirement for the court to admonish the child of this right.

Appellant argues that although section 54.04 states that a child is only entitled to a jury if the child expressly elects in writing, the right to a trial by jury has special protection within the justice system such that it cannot be forfeited or extinguished by inaction alone. *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993). Appellant argues that he should have to expressly relinquish his right to a trial by jury, and because nothing in the record shows he was ever admonished of this right prior to his disposition hearing, his case should be remanded to the trial court.

The State contends there was no duty to admonish Appellant of his right to a jury trial under section 54.04. Additionally, the State contends that Appellant was orally admonished by the court, prior to waiving his right to a jury trial at the adjudication phase of his trial, regarding the various dispositions available to the court, including: (1) sending the juvenile home with his parents, (2) sending the juvenile to various

placements, or (3) committing the juvenile to the Texas Juvenile Justice Department, all of which Appellant testified he understood.

It is clear from the language of section 54.04 that there was an affirmative duty on Appellant to expressly request a jury at the disposition hearing. At no time did either Appellant or his counsel request a jury during that phase of the case. Therefore, pursuant to the statute, the right to a jury trial during this phase was waived. Appellant's second issue is overruled.

CONCLUSION

The trial court's dispositional order is affirmed.

Patrick A. Pirtle
Justice